| 121 | 7 |
| 139 | 617 |

| 121 | 7 |
| 141 | 69 |

---

[L. A. No. 385.   Department One.—May 28, 1898.]

## TIBBETTS BROS. & CROSS, Appellants, v. W. R. BOWER, Respondent.

APPEAL—ORDER GRANTING NEW TRIAL—EVIDENCE.—Where a motion for new trial is made upon several grounds, including that of insufficiency of the evidence to sustain the findings, and the order granting the motion is general in its terms, and the record does not disclose upon what ground it was granted, the order will not be reversed, where the evidence is substantially conflicting upon material issues.

APPEAL from an order of the Superior Court of Kern County granting a new trial.   A. R. Conklin, Judge.

The facts are stated in the opinion of the court.

Alvin Fay, for Appellants.

T. M. McNamara, for Respondent.

VAN FLEET, J.—Appeal by plaintiff from an order granting the defendant a new trial.

In presenting this appeal counsel for appellants proceeds upon the assumption and theory that the court below granted the motion for a new trial upon one particular ground, as to which he contends the court was in error, and that hence the order should be reversed.

It is not necessary to inquire into the soundness of appellant's view of the law as to the particular point discussed by him, since the record does not sustain his assumption that the new trial was granted upon that ground.

The action was in claim and delivery for the recovery of a lot of sheep, and the evidence was substantially conflicting as to the ownership and right to possession of the sheep. The motion for new trial was made upon several grounds, including that of the insufficiency of the evidence to sustain the findings; and the order granting the motion is general in terms. The respondent invokes the well-settled doctrine of this court that where a new trial is asked for on several grounds, and is granted, and the record does not disclose for which one of the reasons it was granted, the order will not be reversed if it could have been properly granted upon any one of the grounds assigned. The case is within this rule, and the action of the court cannot, therefore, be reviewed.

The order is affirmed.

Garoutte, J., and Harrison, J., concurred.