[Civ. No. 1181. Second Appellate District.—December 11, 1912.]

## WILLIAM F. McCANN, Respondent, v. MARY McCANN and JAMES McCANN, Appellants.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—INSUFFICIENCY OF EVIDENCE—RECORD NOT SHOWING CONFLICT—QUESTION OF LAW. An order granting a new trial will not be disturbed upon appeal, where insufficiency of the evidence to justify the decision is one of the grounds specified in the notice of intention, and where the record upon appeal does not disclose whether or not the evidence was conflicting. It is only where the evidence shows an uncontradicted state of facts in favor of a party to an action that a question of law arises which an appellate court may consider.

ID.—PRESENTATION OF NOTICE OF INTENTION IN TIME—FILING—DEMAND OF FEES—PAYMENT—IMPROPER CHANGE OF FILING MARK SHOWING LOSS OF RIGHT.—Where the notice of intention to move for a new trial was presented to the clerk within time and was marked filed, and subsequently the clerk demanded an additional fee from the moving

party which was promptly paid, whereupon the clerk erased such filing mark, and made a new filing mark, which, if operative, would show a loss of the moving party's rights, it is held that the trial court properly decided that such notice was filed when first tendered to the clerk and the first filing mark was placed thereon, and that the clerk possessed no right to erase the same and make a new filing mark.

APPEAL from an order of the Superior Court granting a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

H. H. Appel and J. L. Fleming, for Respondent.

JAMES, J.—This is an appeal from an order of the superior court granting the motion of plaintiff for a new trial. The action was originally brought in the justice's court, the cause of action in form being that for the unlawful detainer of real property, it being alleged in the complaint that the rental value thereof was less than the sum of twenty-five dollars per month, which allegation was sufficient to give jurisdiction to the justice's court, unless upon the trial the evidence disclosed the fact to be that the rental value of such premises was in excess of twenty-five dollars per month. The justice of the peace determined the action upon the merits in favor of plaintiff, and an appeal followed which was taken by the defendants to the superior court on questions of both law and fact. The superior court thereupon proceeded to try the action anew and rendered judgment in favor of defendants. Thereafter, motion for a new trial being presented by plaintiff, an order was made granting the same. One of the grounds assigned in the notice of intention to move for a new trial was the insufficiency of the evidence to justify the decision of the court. The trial judge at the conclusion of all the testimony weighs the evidence and determines the facts, and if he afterward concludes that he has made an erroneous decision, it is his duty, where proper proceedings are had calling the matter to his attention, to grant a motion for a new trial; and where there has been heard conflicting testimony an appellate court cannot in

reviewing the ruling made upon such motion disturb the order. It is only where the evidence heard establishes an uncontradicted state of facts in favor of one or the other of the parties to an action that a question of law is presented which an appellate court may consider. The record of the testimony heard at the trial of this action does not disclose that the material facts were uncontradicted or undisputed, and that being true the appellants must rest content with the order made granting a new trial, unless they can present some question of law upon which we would be impelled for other reasons to conclude that the order was irregularly or improperly made. They do advance the contention that the superior court was without jurisdiction to rule on the motion for a new trial, for the reason that the notice of intention given as to such motion was filed after the time limited by law had expired. It is shown by the statement that plaintiff served his notice of motion for a new trial in due time and that he presented it to the clerk for filing clearly within the time allowed by law. At the time he so presented it he presented a like notice affecting another cause and paid to the clerk upon demand of the latter the sum of two dollars, and the clerk thereafter, on the same day, placed his file mark upon the notices, but later notified plaintiff that an additional two dollars was required to be paid as a fee for the filing of the notice given in this cause, which was promptly paid by respondent. Meanwhile the clerk had erased his file mark as first made upon the notice and when the second fee of two dollars was paid, stamped upon the document a new date of filing, that being as of the date of the latter payment. If this notice should be considered as having been filed only as of the day when the second two-dollar fee was paid, then it would have been, as appellants contend, filed too late and after the time fixed by law for the filing thereof had expired. Under the facts shown we think that the trial court was right in concluding, as it evidently did, that the notice was filed when first tendered to the clerk and when the first file mark was placed thereon. If the clerk saw fit to receive the notice and file it without requiring the payment of the fee, then no doubt the omission to require such payment would be a matter which would result in the clerk being held accountable to the county for the payment of that money. We do not think that under the

circumstances shown the clerk possessed the right to erase the first file mark placed on the notice of intention to move for a new trial, and that the document should be considered as having been regularly filed on the day it was tendered and received by the clerk of the superior court. If the court had jurisdiction to rule upon the motion for a new trial, then, for the reasons we have hereinbefore expressed, no question is left to be reviewed on an appeal from the order granting to plaintiff a new trial in the cause. The order as made by the trial judge was a general one and not limited to any special or particular of the grounds assigned in the notice of intention; therefore, if the order can be sustained upon any ground assigned in such notice, the ruling may not here be disturbed; and as the court might well have made the order because of the insufficiency of the evidence to sustain the judgment, our inquiry on this appeal is ended. (*Tibbetts* v. *Bower,* 121 Cal. 8, [53 Pac 359].)

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.