[Civ. No. 1180.   Second Appellate District.—December 11, 1912.]

## WM. F. McCANN, Respondent, v. MARY McCANN et al., Appellants.

NEW TRIAL—STATEMENT — STIPULATION AS TO USE OF EVIDENCE IN DIFFERENT ACTIONS—UNTENABLE OBJECTION.—Where the same parties to separate actions, one of unlawful detainer, and one to quiet title, which were separately tried, stipulated that the evidence used in the action of unlawful detainer should be used, so far as applicable, in the action to quiet title, and upon judgment for defendant in both actions, the plaintiff in each moved for a new trial, upon a settled statement of the case, which was the same in both actions, it is held that the defendant who joined in the stipulation is not in a position to object that the same evidence was used in both statements, and that the evidence used in the action for unlawful detainer is irrelevant and immaterial to that used in the action to quiet title.

ID.—FAILURE OF DEFENDANT TO OFFER AMENDMENTS TO PROPOSED STATEMENT IN ACTION TO QUIET TITLE—SETTLEMENT—PRESUMPTION UPON APPEAL—SIMILAR DISTINCT STATEMENT IMMATERIAL.— Since the defendant offered no proposed amendments to the proposed statement upon motion for a new trial, in the action to quiet title, it must be assumed upon appeal from the order granting a new trial in such action that the settled statement constitutes a correct statement of the evidence upon which the court, in the first instance, rendered the decision in such action, and upon which it subsequently made the order granting a new trial herein. The fact that the same settled statement was used on the appeal from the order granting a new trial in the action of unlawful detainer, cannot affect the validity of its use in the case at bar.

ID.—FILING OF SETTLED STATEMENT ON MOTION FOR NEW TRIAL—FILING MARK INDORSED BY FORMER CLERK—CERTIFICATE OF SUCCESSOR.— Where the settled statement on motion for a new trial bore a filing mark certified by the former clerk, the effect of which was sought to be overcome by the certificate of his successor that there is nothing upon the records to show that any such statement was ever filed as required by section 659 of the Code of Civil Procedure, it is held that the filing mark indorsed by the former clerk, though it is *prima facie* proof of the filing, is not the filing, but evidence thereof.

ID.—FILING OF PAPERS HOW CONSTITUTED.—To file a paper on the part of a party, is to place it in the official custody of the clerk, to be by him permanently kept among the papers of the case, subject to an inspection of the same. Such an act, accompanied

by the payment of any fee due therefor, constitutes a sufficient filing of papers.

Id.—Settled Statement Deposited With Clerk in Proper Time for Use—Use at Hearing—Failure to Indorse Filing Mark not Vital.—It is sufficient that there can be no doubt that the statement settled for use in both cases was within the time prescribed therefor, deposited in the custody of the clerk, for use at the hearing in support of the plaintiff's motion for a new trial, and that it was so used upon the hearing of said motion. Having so deposited it with the clerk, the plaintiff cannot be deprived of the use thereof, in support of his motion, on account of the failure of the clerk to indorse thereon the word "Filed," with the day and date of such indorsement.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

H. H. Appel, and J. L. Fleming, for Respondent.

SHAW, J.—Action to quiet title. Judgment went for defendants. Thereafter the court made an order granting plaintiff a new trial. Defendants appeal from this order.

The grounds upon which a reversal is urged relate to alleged erroneous rulings in the proceedings for the allowance and settlement of the statement used in support of the motion.

It appears that two actions were pending in the trial court, one of which, numbered 72113, entitled William F. McCann *v.* Mary McCann (an opinion in which an appeal to this court was this day filed, Civ. No. 1181), *post,* p. 567, [129 Pac. 965], was for unlawful detainer; the other, numbered 70875, being likewise entitled, was an action to quiet title. While the cases were tried separately, it was by the parties stipulated that the evidence taken in the unlawful detainer case should, in so far as the court deemed it applicable, be considered as evidence in the suit to quiet title (which is the case at bar now under consideration). Judgment was rendered in both cases for defendants. Thereafter, plaintiff gave notices in both cases of his intention to move for a new trial upon a state-

ment of the case. In due time he presented to the court for settlement as a statement in both cases a document wherein it was stated: ''This bill of exceptions and the statement of facts herein is made a part of the foregoing statements on motion for a new trial in both cases, having the same title and numbered respectively No. 72113 and 70875.'' Defendants objected to the settlement of the proposed statement for use in support of plaintiff's motion for a new trial in the case to quiet title, No. 70875, upon the ground that it also purported to be a statement on motion for a new trial in the action numbered 72113 for unlawful detainer, and further, that the testimony and proceedings had in the unlawful detainer case, No. 72113, as disclosed by the statement, were not relevant or material to the action brought to quiet title. These objections were by the court overruled and the document allowed and settled as a statement on motion for a new trial, to be used in support of the motions made in both cases; to all of which defendant excepted.

We think the stipulation is a sufficient answer to the objection urged against the settlement. Since defendant agreed that the evidence adduced in the trial of the unlawful detainer case should, in so far as the court deemed it pertinent and applicable, constitute the evidence in the case to quiet title, she is in no position now to object to the evidence being incorporated in the statement upon the ground that it is irrelevant and immaterial. Defendants offered no amendments to the proposed statement in support of the motion; hence, upon being settled and allowed by the trial judge, we must assume that it constitutes a correct statement of the evidence upon which the court in the first instance rendered its decision and upon which it subsequently made the order granting a new trial herein. The fact that it also constituted a statement on motion for a new trial in the other case did not affect its validity or use as a statement in the case at bar.

The statement is indorsed: ''Filed September 14, 1910, C. G. Keyes, Clerk.'' Appellants now for the first time make the point that the statement, notwithstanding the indorsement thereon, was not filed with the clerk. This contention is based upon the fact that the successor in office of C. G. Keyes certifies that no statement on motion for a new trial was ever filed herein. Section 659 of the Code of Civil Pro-

cedure, provides that when a statement is settled. it shall be filed with the clerk.   To file a paper on the part of a party is to place it in the official custody of the clerk to be by him permanently kept among the papers of the cause, subject to the inspection of parties entitled to inspect the same.   Such act, accompanied by payment of any fee due therefor, constitutes a sufficient filing of papers.   The file mark indorsed thereon by the clerk, while *prima facie* proof of the filing, is not the filing, but evidence thereof.   There can be no doubt that the statement settled for use in both cases was, within the time prescribed therefor, deposited in the custody of the clerk for use at the hearing in support of plaintiff's motion for a new trial, and that it was so used upon the hearing of said motion.   Having so deposited it with the clerk, plaintiff cannot be deprived of the use thereof in support of his motion on account of the failure of the clerk to indorse thereon the word ''Filed,'' with the day and date of such indorsement.

The order is affirmed.

Allen, P. J. and James, J. concurred.