[Civ. No. 4882. First Appellate District, Division Two.—August 29, 1924.]

REGINALD BELL et al., Respondents, v. REGINALD McCOLGAN, Appellant.

[1] PROMISSORY NOTE — MISTAKE AS TO AMOUNT — EVIDENCE — INFERENCES — FINDINGS — APPEAL. — In an action upon a promissory note, where the defendant, by answer and cross-complaint, pleads that the note in question was executed to plaintiffs in settlement of certain financial matters wherein the makers had represented to plaintiffs that the amount of the note was the amount due plaintiffs but, by mistake, a certain item or charge against plaintiffs was overlooked, that the mistake was not discovered until a subsequent date, which was after the note had been renewed, and it is possible to infer from various matters appearing in evidence that a mistake was made, but it is also possible to make a reasonable inference

1.  See 2 Cal. Jur. 921; 2 R. C. L. 204.

that the amount in dispute was taken into consideration in making the original note in favor of plaintiffs and was offset or balanced in some way by reason of other transactions and understandings between the parties, the appellate court is bound by the finding of the trial court that the amount due plaintiffs was correctly computed and that the item in question was not overlooked by mistake.

[2] ID.—BURDEN OF PROOF—EVIDENCE—REVIEW BY APPELLATE COURT. In such case, the burden is upon the defendant to prove the miscalculation; and it is only where the evidence establishes an uncontradicted state of facts in favor of one or the other of the parties that a question of law is presented which an appellate court may consider.

[3] ID.—OMITTED ITEM—BURDEN OF PROOF.—In such action, defendant's cause of cross-action being based upon the theory of a mistake having been made, it was necessary for him to prove, as a part of his case, that the item in question was overlooked, and not merely that it was omitted; and the fact that said defendant shows by direct evidence that such item was omitted does not shift to plaintiffs the burden of proving why it was omitted. (Opinion on denial of rehearing.)

_____

(1) 4 C. J., p. 879, sec. 2853.   (2) 4 C. J., p. 883, sec. 2855. (3) 34 Cyc., p. 980.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. T. O'Connor, Geo. K. Ford, F. J. McDougal and Harrison & Harrison for Appellant.

Glensor, Clewe & Van Dine for Respondents.

LANGDON, P. J.—Defendant has appealed from a judgment against him in an action upon a promissory note made and delivered by himself and brother, Daniel A. McColgan, to Reginald and Eustace Bell. After the commencement of the action, Eustace Bell died and the executors of his last will and testament were substituted in his place and stead as plaintiffs in the action.

_____

2.  See 2 Cal. Jur. 918.
3.  See 10 Cal. Jur. 785; 10 R. C. L. 808.

The complaint was the usual one upon a promissory note. The amount of the note was $8,415.15. Defendant filed an answer and cross-complaint in which he stated that at the time of the execution of the promissory note, it was agreed by and between plaintiffs and defendant and Daniel A. McColgan that defendant and said Daniel A. McColgan should execute to plaintiffs a promissory note for the amount then owing from defendant and said Daniel A. McColgan to plaintiffs and the amount of said indebtedness was, by the mistake of plaintiffs and defendant and said Daniel A. McColgan, then and there calculated to be the sum of $8,415.15, and said last-named sum was inserted in said promissory note by reason of said mistake, in place and stead of the true and correct amount of said indebtedness; that in said calculation there was omitted by the mistake of plaintiffs and defendant and said Daniel A. McColgan the sum of $2,194.57 advanced and paid to Holbrook and McGuire by defendant and Daniel A. McColgan for and on account of plaintiffs on the fifteenth day of March, 1917; that the true and correct amount owing to plaintiffs from defendant and Daniel A. McColgan on said seventh day of October, 1918, and the amount intended to be inserted in said promissory note as the principal thereof by plaintiffs and defendant and Daniel A. McColgan was the sum of $5,980.93, being the sum of $8,415.15 less the sum of $2,149.57. Defendant then alleged that he had not discovered the mistake until about January 15, 1922, and prayed for a reformation of the note in accordance with his allegations.

The answer to the cross-complaint admitted that the understanding between the parties was that the note in question should represent the amount then owing to the plaintiffs, but denied that by mistake of the parties or of Daniel A. McColgan said sum was calculated to be $8,415.-15, and alleged, upon information and belief, that at the time of the execution of the note there was actually owing from the defendants to the plaintiffs a sum in excess of $11,000. It was denied that by the mistake of the defendants and plaintiffs or by the mistake of Daniel A. McColgan the sum of $2,194.57 advanced and paid to Holbrook and McGuire by said defendants on the fifteenth day of March, 1917, or at any other time, was omitted in the cal-

culation of the allowance due from defendants to the plaintiffs; and it was denied that the correct amount owing to plaintiffs from defendants and said Daniel A. McColgan was $5,980.93 or any sum other than said sum of $8,415.15, or that the said sum of $8,415.15 was inserted in said note by reason of any mistake. It was alleged that the consideration for said note was the indebtedness of the defendants to plaintiffs alleged to be in excess of $11,000 at the time of the execution of the note.

[1] The trial court found that the allegations of the complaint were true; that at the time of the execution of the promissory note set out in the complaint it was agreed between the parties that the McColgans should execute to the Bells a promissory note for the amount then owing to them; that it is not true that the amount owing from defendant and said Daniel A. McColgan to said Reginald Bell and said Eustace Bell was, on the seventh day of October, 1917, by the mistake of said defendant, said Daniel A. McColgan, said Reginald Bell, and said Eustace Bell calculated to be the sum of $8,415.15, but, on the contrary, the court finds that at said time said amount was correctly calculated to be, and that it was at said time, the sum of $8,415.15.

The appellant attacks the correctness of these findings. Considerable indirect evidence was offered from which the appellant wishes this court to draw the inference that the item paid to Holbrook and McGuire must have been overlooked by Daniel McColgan when he made his calculations. The McColgans acted as agents of the Bells in making investments of their money and in collecting interest and other matters connected with such transactions, for many years. Daniel McColgan kept the books and was careful and methodical about the matter and was familiar with every transaction. He furnished the data to the accountant who, thereupon, ascertained the balance due. This was accepted by Daniel McColgan, who embodied it in the note and, later, renewed the note when it became due.

While it is possible upon the record before us to take the view of the appellant and infer from various matters appearing in evidence that a mistake was made by Daniel McColgan, it is also possible to make a reasonable in-

ference that the amount in dispute was taken into consideration in making the note and was offset or balanced in some way by reason of other transactions and understandings between the parties. The testimony is not convincing either way. It consists largely of deductions and inferences to be drawn from circumstances, and it also includes suggestions of and references to other facts and circumstances, and arrangements between the parties which might raise other inferences. It is precisely in such a case that the rule binding this court by the findings of the trial court demonstrates its practicability and wisdom. Conceding that the evidence supporting the inference for which appellant contends preponderates, there is yet substantial evidence warranting reasonable inferences to support the judgment. It would not help the appellant were we to concede that the record would dispose this court to make findings in his favor were we trying the facts. [2] As we have stated, the evidence is not convincing either way, and the appellant had the burden of proving the miscalculation. It is only where the evidence establishes an uncontradicted state of facts in favor of one or the other of the parties that a question of law is presented which an appellate court may consider. (*McCann* v. *McCann,* 20 Cal. App. 567, 569 [129 Pac. 965].)

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 26, 1924, and the following opinion then rendered thereon:

THE COURT.—In the above-entitled cause, after judgment and decision by this court, the appellant has filed a petition for a rehearing, which is so earnest and painstaking, that in response thereto we desire to call attention to the fact that his main objection to the opinion is based upon a confusion of the words "overlooked" and "omitted," as used in the evidence, findings, and opinion.

Conceding that there is direct evidence in the record that the item in dispute was omitted, that does not

prove appellant's case. The item may have been omitted for a number of reasons and the record in this case presents numerous facts and circumstances from which it might be inferred in support of the judgment that this item was omitted because some offset existed against it, or because some arrangement between the parties was in existence whereby the .parties were jointly concerned in the venture upon which the money was expended. The language of the opinion to which exception is taken is: "considerable indirect evidence was offered from which appellant wishes this court to draw the inference that the item paid to Holbrook and McGuire must have been *overlooked* by Daniel McColgan when he made his calculations." The word "overlooked". was used advisedly. If this item was not overlooked, but merely omitted, and no explanation of the omission appears in the record except the conflicting inferences permissible from the facts in evidence, i. e., either that it was omitted by mistake or accident or that it was omitted, knowingly, because of other arrangements and understandings between the parties, and the jury has accepted the latter inference, appellant has no ground for appeal.

[3] Appellant's cause of action is based upon the theory of a mistake having been made, and that makes it necessary for him to prove, as a part of his case, that this item was overlooked, not that it was omitted. ·

We repeat, that while the record may show by direct evidence that the amount was omitted, the only evidence that it was overlooked is in inferences which the appellant draws from the fact of omission, and which inferences the jury declined to draw. Appellant takes the position that when he has shown that the item was omitted, he shifts the burden of proof to the other party to show why it was omitted; whereas, the burden of appellant all the way through was to show that the item was omitted by accident, fraud, or mistake, and he cannot sustain a part of this burden and shift the balance. The petition for a rehearing is denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of

appeal, was denied by the supreme court on October 27, 1924.

All the Justices concurred, except Lennon, J., who dissented.