[Civ. No. 12996.   Second Dist., Div. One.   Apr. 9, 1942.]

JOHN W. TORREY, Respondent, v. MARTIN NELSON et al., Appellants.

George P. Kinkle for Appellants.

John W. Hill and Benjamin Lewis for Respondent.

DORAN, J.—In an action for damages for injuries, sustained by the plaintiff when struck by an automobile, defendants appeal from the order granting plaintiff a new trial upon the ground of the insufficiency of the evidence to support the verdict of the jury in favor of defendants. The accident in question occurred while plaintiff was crossing a highway in a marked crosswalk. When plaintiff was about

three-quarters of the way across the highway he was struck by defendants' car. It was dark at the time, about 6:20 p. m., but the crossing was brightly lighted. Plaintiff was in the center of the street when he first noticed defendants' car approaching, about 200 feet away. He continued to cross the street at an ordinary gait; but also continued to watch the approaching car. When the car had approached to within 50 or 60 feet of plaintiff it appeared to be traveling faster than plaintiff had at first estimated. Plaintiff thought the driver of the car would slacken its speed and give plaintiff an opportunity to get across the street. The driver appears to have slowed up when the car was 50 or 60 feet from plaintiff; but the car did not stop, and continued on until it struck plaintiff. At the time of the accident plaintiff was wearing dark trousers and a light tan or khaki jacket. Some evidence was introduced as to plaintiff having been intoxicated at the time of the accident, but the plaintiff testified that he had nothing intoxicating to drink that day, and the testimony offered on behalf of defendants is not conclusive on this question.

■ Appellants (defendants) contend that the trial court abused its discretion in granting respondent (plaintiff) a new trial; and that the evidence shows respondent to have been guilty of contributory negligence as a matter of law. However, appellants concede that if there is a substantial conflict in the evidence, and if there is substantial evidence in support of respondent's case and a verdict for respondent would not be against the weight of the evidence, then the order of the trial court should be affirmed. Actually, it is only where the evidence establishes an uncontradicted state of facts in favor of one or the other of the parties that a question of law is presented for the consideration of an appellate court. (*McCann* v. *McCann,* 20 Cal. App. 567 [129 Pac. 965].) In the absence of such a state of facts the ruling of the trial court on the motion for a new trial may not be disturbed. ■ Cases cited by appellants to show respondent to have been guilty of contributory negligence as a matter of law are inapplicable to the facts here presented. The cases cited deal with situations in which the injured party either ignored the approaching vehicle, deliberately stepped in front thereof, or took other similar action in disregard of personal safety. It may not be said as a matter of law that respondent here acted in disregard of his personal safety. Section 560 of the

Vehicle Code gave respondent the right of way over defendants' car, and respondent, if exercising due care himself, was entitled to presume that the driver of defendants' car would also exercise due care under the circumstances. The evidence presented would support a verdict in favor of respondent, and the trial court cannot be said to have abused its discretion in granting a new trial. The order is affirmed.

York, P. J., and White, J., concurred.