[Civ. No. 5515. Second Appellate District, Division One.—August 16, 1928.]

COUNTY OF LOS ANGELES, Plaintiff, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Defendants; JAMES T. DUNN, Appellant; GRACE P. WARDEN, Respondent.

Wm. T. Kendrick and Victor H. Kendrick for Appellant.

J. Everett Brown for Respondent.

CONREY, P. J.—This action was instituted by the county of Los Angeles to condemn certain property for public use. In the property sought to be condemned was lot 13, block K, of the town site of Howard, in said county.

James T. Dunn and Grace P. Warden are among the defendants. Each of these two defendants claims to be the owner of said lot. The court found that it was the property of Grace P. Warden, and that she was entitled to receive $1,700, the value thereof, on the condemnation thereof. The interlocutory judgment was entered March 1, 1926. James T. Dunn appeals from that part of the judgment which runs in favor of said Warden. Appellant, in his brief, concedes that "on the 31st day of January, 1910, C. D. Warden became the owner of lot 13, block K, Howard town site, by virtue of a deed from the state"; and "shortly prior to the commencement of this action, said Warden conveyed all his right, title and interest to defendant and respondent, Grace P. Warden, who thereupon became the holder of the legal title and remains so unless subsequently divested of the same by the adverse possession of appellant, James T. Dunn." The deed from the state to C. D. Warden, and the previous deed to the state were based upon a sale for nonpayment of taxes, and those proceedings are conceded to have been regularly conducted according to law. The controversy herein, therefore, involves only the validity of appellant's title, claimed to have been acquired by adverse possession after the date of the tax deed. The evidence shows, without conflict, that for more than five

years next after that date, appellant continued to plant, cultivate and harvest crops of barley on this and adjoining land during the appropriate seasons of each year, without seeking permission from anyone, and without interference or molestation from any other person, although respondent Warden was well aware of these facts; also that during the years 1911, 1912, 1913, 1914, 1915, and 1916 appellant paid all taxes levied against the land. No taxes are shown to have been levied in 1911 or 1912, therefore it is presumed that there were none. (*Monroe* v. *Pleasants*, 41 Cal. App. 144 [182 Pac. 330], and cases there cited.) In addition, appellant, *ex industria*, produced evidence that no taxes were levied against said land during those two years. Appellant continued in like manner as before, to use said land, until the time of trial of this action. This being so, sections 318, 319 of the Code of Civil Procedure, cited by respondent, do not apply to the case.

Adverse possession may be founded upon a written instrument; or under claim of title exclusive of any other right, but not founded upon a written instrument, judgment, or decree. (Code Civ. Proc., secs. 323, 324.) "For the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by a substantial inclosure; 2. Where it has been usually cultivated or improved. . . . " (Code Civ. Proc., sec. 325.)

The facts clearly proved by the evidence, without contradiction, as above stated, positively establish in appellant a title acquired by adverse possession, and the court should have so found. (*Unger* v. *Mooney*, 63 Cal. 586, 595 [49 Am. Rep. 100].) ■ The continuity of adverse possession necessary to the maintenance of such a claim, does not require that the claimant be constantly present on the land. It is enough if he is present at all times and seasons appropriate to the regular and usual cultivation of the land. (*Montgomery etc. Co.* v. *Quinby*, 164 Cal. 250, 254 [128 Pac. 402] ; *Myers* v. *Berven*, 166 Cal. 484, 490 [137 Pac. 260].) The manner in which appellant held possession, and his payment of taxes levied against the property, establish the ad-

verse character of his possession. (*Goodrich* v. *Mortimer*, 44 Cal. App. 576, 581 [186 Pac. 844] ; *Baum* v. *Reay*, 96 Cal. 462, 466 [29 Pac. 117, 31 Pac. 561].)

It is hereby ordered that the findings of fact be and they are hereby amended by striking from paragraph IV thereof the following: ''That the defendant Grace P. Warden is the owner of the parcel of land herein designated as Parcel No. 9, and more particularly described in paragraph 1 above''; and substituting therefor the following: ''That the defendant James T. Dunn is the owner of the parcel of land herein designated as Parcel No. 9, and more particularly described in paragraph 1 above.'' It is further ordered that that part of the judgment entered on March 1, 1926, which provides for the taking by plaintiff for the uses set forth in the complaint of said lot 13, block K, of the town site of Howard (being the lot designated in the decree as ''Parcel No. 9''), upon paying therefor to the defendant Grace P. Warden, or into court for her benefit, the sum of $1,700, be and the same hereby is amended by striking out the following part thereof: ''Parcel No. 9. The sum of one thousand seven hundred and no/100 dollars ($1,700.00) to the defendant Grace P. Warden''; and substituting therefor the following: ''Parcel No. 9. The sum of one thousand seven hundred and no/100 dollars ($1,700.00) to the defendant James T. Dunn.'' As thus amended, the judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 11, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1928.

All the Justices present concurred.