[Civ. No. 4537.   Third Appellate District.—February 2, 1933.]

EDITH M. MINGS, Appellant, v. COMPTON CITY SCHOOL DISTRICT, etc., Respondent.

Edwin J. Miller and Frederick C. Huber for Appellant.

Everett W. Mattoon, City Counsel, and Ernest Purdum, Deputy County Counsel, for Respondent.

TUTTLE, J., *pro tem.*—Plaintiff seeks herein to quiet title against the defendant School District to a parcel of land comprising a part of the school grounds being used by the defendant for the Tamarind school in the county of Los Angeles. The complaint is in the usual form of quiet title. By its amended answer, defendant denies title

in plaintiff; alleges that defendant has been in the quiet and peaceable possession of the disputed tract, holding and claiming the same adversely to plaintiff, and all other persons, for more than nineteen years before the commencement of the action, and that neither the plaintiff nor any of her predecessors or grantors were seised or possessed of said premises, or any portion thereof, within nineteen years before the commencement of the action. A further and separate defense is set up that plaintiff derived her claim to title by mesne conveyance from one R. H. Wilson; that defendant is the successor in interest of the said Wilson; that on December 15, 1908, prior to any previous conveyance by him of said premises, said Wilson and his wife executed to defendant a deed, all parties thereto intending thereby that there should be included therein and conveyed to the School District a tract within whose boundaries was included the disputed parcel as well as other land, all being contiguous, but that through error of all parties the disputed parcel was omitted from the description, and that to make the deed conform to the actual intention of the parties, the description should be amended to include the land in dispute. As a third separate defense, all matters elsewhere pleaded in the answer are included by reference, and further, it is alleged by way of estoppel, that immediately after the execution of said deed from Wilson and wife to defendant, the defendant took possession of the entire tract intended to be conveyed, including the now disputed portion, with the knowledge and acquiescence of the Wilsons, and constructed thereon expensive buildings and improvements, including a building upon said disputed portion; that up to a short time prior to the commencement of this action, Wilson and wife lived within a short distance of said lands, had knowledge of defendant's possession and improvement thereof, made no claim to the property and acquiesced in all things done by defendant thereon; that the use of the buildings upon the portion of the tract not in dispute will be hampered and interfered with, and their value materially affected if the disputed portion be declared plaintiff's; that the disputed parcel has increased many times in value by reason of defendant's said improvements; that the claim of plaintiff is unconscionable on account of the said acquiescence of her predecessors in title, and that plaintiff

is estopped by her conduct and that of her predecessors from making any claim to the premises in dispute. A cross-complaint alleges that defendant has been in the peaceable and quiet possession and occupancy of the whole tract intended to be conveyed, for more than nineteen years continuously before and up to the time of filing suit; that defendant is the owner and in possession and entitled to the possession of said premises, and that plaintiff makes some claim therein and thereto, but has no right whatsoever in and to the same, or any part thereof. The defendant's prayer is that the deed be reformed; that plaintiff be estopped by her conduct and that of her predecessors; and that defendant's title be quieted against plaintiff, and for general equitable relief. Issue is joined upon all of the material allegations of the cross-complaint. Findings were made in defendant's favor upon all issues, and the decree declared defendant to be the owner of the entire tract, quieted its title against plaintiff, adjudging the plaintiff to be estopped from setting up any claim to the premises, and granted defendant judgment as prayed for in its cross-complaint. The decree does not contain any specific direction to the effect that the language of the deed from Wilson and wife to defendant shall be reformed or amended, or that a new deed expressing the agreement of the parties as found, be executed and delivered.

Plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The property in question is a strip of land along the west side of lot 12, block 24, of the City of Compton, County of Los Angeles. It is 34.30 feet wide at one end and 45.45 feet at the other end, and is 155 feet long.

On December 15, 1908, R. H. Wilson and his wife, Lutie Wilson, conveyed by deed to Compton City School District, lots 1 to 5, both inclusive, and lots 7 to 11, both inclusive, in block 24, of the City of Compton. In 1909, and following the execution of this deed, a school was built upon the property, and the School District took possession, not only of the lots described, but also of lot 12, under the mistaken belief that it was described in the deed. Ever since that time lot 12 has been used continuously as a playground in connection with the school.

Several alleged sources of title, designated as "A", "B" and "C", were relied upon at the trial by appellant, but it is admitted that source "A" is the only one entitled to serious consideration here. This title is based upon a quitclaim deed from Mortimer H. Wilson and wife, dated in April, 1927, covering all of lot 12, and running to D. Thuresson, and thereafter the latter brought suit to quiet title to this lot against Lutie Wilson and others. The decree was entered January 18, 1928, in favor of plaintiff. Thereafter, Thuresson deeded the property to plaintiff and appellant. Mortimer Wilson and Lutie Wilson are the sole distributees of the estate of R. H. Wilson, deceased. Plaintiffs have never been in possession of the property, nor any part thereof. It thus appears that both parties have a common source of title through R. H. Wilson. Respondent contends that, through a mistake, lot 12 was omitted from its deed which it secured from Wilson. ▉ It is conceded that the School District has no record title to the property. Appellant has the record title to the disputed strip.

The School District claims title through adverse possession. Witnesses testified that the property had been used since 1909 as a playground for the school children. There are twelve lots in block 24, and upon other portions of that block there are numerous school buildings. The evidence shows that the property in dispute has never, since 1909, been used for any purpose other than in connection with the school. We are satisfied that there is abundant evidence in the record to support the finding that the possession of the School District, since the date of its deed from Wilson in 1908, has been actual, under claim of right, open and adverse to all the world. ▉ Appellant contends, however, that the other necessary element of adverse possession—the payment of taxes for five years—is lacking in respondent's case. Our Constitution, section 1, article XIII, provides that: "Property used exclusively for public schools . . . shall be exempt from taxation." Section 325 of the Code of Civil Procedure provides that the party seeking to establish adverse possession must show that he or his predecessors or grantors have paid all taxes, state, county or municipal, which have been levied and assessed upon said land for a period of five years continuously. The constitutional provision mentioned has been in force

during all the time the school has possessed this property. It follows that, as it would be unlawful for any such taxes to be levied and assessed against the property, it was not incumbent upon the respondent School District to make proof of payment of taxes required by the code section referred to, in order to establish title by adverse possession. The Constitution does not state that legal title is necessary in order that the exemption from taxation may be invoked. All that is required is that the property be "used exclusively for school purposes". From the very moment that the use commenced, the exemption applied. This is the answer to appellant's contention that the exemption did not apply during the first five years' use, and that the District must prove payment of taxes during that period.

It is contended that adverse possession was not established because it was not proven that the property was protected by a substantial inclosure (Code Civ. Proc., sec. 325, subd. 1). The court found that the defendant had been in the *actual* possession of the property, and used and improved the same, and constructed a building thereon. This is a sufficient finding to establish possession. The inclosure mentioned in the code is merely one method of proving the possession of a party claiming a prescriptive title, but it is not the exclusive method. An inclosure is not necessary where the property is in some way subjected to the will and control of the claimant. (*Andrus* v. *Smith,* 133 Cal. 78 [65 Pac. 320]; *Coryell* v. *Cain,* 16 Cal. 574.)

Appellant contends that it was necessary for respondent to prove adverse possession for a period of twenty years before title by prescription could be acquired, citing section 749 of the Code of Civil Procedure. That section applies to actions *in rem* against unknown defendants, and does not govern an ordinary action to quiet title against known defendants. In the latter case, the adverse possession necessary is five years. (Sec. 318, Code Civ. Proc.)

There is sufficient evidence to support the finding of a mistake in the execution of the deed to the School District. One of the grantors testified that the intention was to sell all of block 24, and that she told the husband of plaintiff, when he attempted to secure a quitclaim deed from her, that she had sold the property once. It

was not necessary to include the grantors as parties to the action, as plaintiff had acquired whatever title they had. (53 C. J., p. 1006, par. 158.) ██ The record shows beyond dispute that plaintiff had notice of the mistake, through her husband, who, according to her testimony, acted for her in negotiating for the purchase of the property. "A written instrument may be reformed against any person who is named therein as an adverse party, or his heirs, or successors in interest with notice." (22 Cal. Jur. 728.) The findings fully cover the issue of mistake, while the judgment simply quiets the title in defendant. It is not necessary to adjudge that the deed be reformed. It follows as a matter of law that defendant's title is established, and that it is entitled to a decree quieting its title.

██ Finally, appellant complains of the fact that the trial court did not order the taxes which she had paid, returned to her, before granting any relief to defendant, and cites *Beck* v. *Wilson,* 49 Cal. App. 281 [193 Pac. 158, 159]. The latter case quotes the rule as laid down in *Holland* v. *Hotchkiss,* 162 Cal. 366 [123 Pac. 258, L. R. A. 1915C, 492], as follows: "Where the owner comes into court asking equitable relief to remove or cancel a tax deed or sale as a cloud upon his title, or to obtain a judgment which, in effect, will invalidate such sale or deed, the court should refuse any relief except upon condition that he first repay to the tax purchaser, . . . the taxes, penalties, interest and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward, upon the faith of it, with legal interest from time of such payment, less rents received, if any, if the purchaser has been in possession." In the instant case plaintiff is not relying, as a source of title, upon a tax deed, but is relying upon a title from the common grantor, Wilson. It is true that the record shows a tax sale in 1907, but it is equally clear that plaintiff did not rely upon a tax title, but upon a record title. The amount paid out was trivial. The redemption was made by one R. Thuresson, and not by plaintiff, and the sum paid was $8.25. It is clear that plaintiff paid nothing at the tax sale, nor anything thereafter upon the faith of such sale, and consequently does not come within the rule quoted.

420

This appeal purports to be from the judgment and order denying motion for new trial. The code does not authorize an appeal from such order, except "in an action or proceeding tried by a jury, where such trial by jury is a matter of right". (*Evans* v. *Gibson et al.,* 217 Cal. 171 [17 Pac. (2d) 701]; *Diamond* v. *Superior Court,* 189 Cal. 732, 739 [210 Pac. 36].)

It is therefore ordered that the appeal from the order denying motion for new trial be dismissed and the judgment be affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 4, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1933.