[Civ. No. 5831. Third Appellate District.—May 28, 1937.]

ERNEST L. REDEMEYER, Respondent, v. HARVEY M. CARROLL et al., Appellants.

Taft & Spurr for Appellants.

Mannon & Brazier for Respondent.

PULLEN, P. J.—This action was brought to quiet title to a prescriptive right of way and to secure a perpetual injunction preventing defendants from interfering with the use thereof. Judgment was entered in favor of plaintiff, from which this appeal is taken.

The matter now comes before us upon a motion to dismiss the appeal or affirm the judgment. The motion to dismiss is denied, and we will consider the appeal upon its merits.

For many years plaintiff, by and through his predecessors in interest, owned a large tract of land, contiguous to the lands here involved. A county road leads from Laytonville to a quarter section corner of the lands belonging to defendant Nyhen. For more than forty years a road has existed from this point across the Nyhen lands to a point about midway between the end of the county road and the lands of Redemeyer. In 1918, by consent of the owners, a road was built by Sunset Trading & Land Company from the end of the existing way across the lands of the defendant Carroll and others to the Redemeyer boundary, for the purpose of getting out tan bark. A short time thereafter, one Larsen purchased the standing timber on the Redemeyer lands, to be removed within fifteen years, and secured per-

mission to use the right of way theretofore established by Sunset Trading & Land Company, across the lands of Wilson, predecessor of defendant Carroll, for the duration of the lease. Larsen and his successors used the road now claimed by plaintiff until the expiration of the timber lease.

It is conceded by defendants that plaintiff and his predecessors have continuously used this road from 1918 to the commencement of this action. It is the contention of appellants, however, that it does not appear that this continuous use was hostile or adverse to defendants, defendants claiming that plaintiff had a permissive use of the right of way by virtue of the right given to Larsen when the way was first opened.

The lands of plaintiff here involved were a part of a larger tract, and were used for the grazing of cattle and sheep. The road in question throughout its entire length is well defined and marked on the surface of the earth by tracks, ruts and other indications plainly visible to the human eye. It had been used by plaintiff and his predecessors in taking their stock and other products from their lands to Laytonville, their shipping point, and bringing back to the ranch such articles as required since it was first laid out. They drove their stock along this road and traveled over it on horses and by wagons, trucks and automobiles. Witnesses testified to having seen Redemeyer use the road during the various years from 1919 to the commencement of this action, and some had been employed by Redemeyer to repair the road and grade the same by means of tractors, graders and teams. One witness, in 1925, assisted Redemeyer in rebuilding a bridge across the creek near the home of Carroll. No permission was asked of the owner, nor objection made by him to the use of the way by plaintiff or those preceding him.

This created presumptive knowledge of the owner that the use was under a claim of right. It was held in *Wells* v. *Dias*, 57 Cal. App. 670 [207 Pac. 913], that where the use is continuous it creates a presumptive knowledge in the owner that the person using the land is doing so under a claim of right, and whether the use of the road is under a claim of right or a matter of neighborly accommodation is for the court to determine as a fact in the light of the relation between the parties and all the surrounding circumstances.

 It will also be recalled that the original use granted to the third parties heretofore referred to was for the particu-

lar purpose of transporting lumber and tan bark, while the use of the road by plaintiff was of an entirely different nature, and was of itself notice to defendants of a claim to an independent right in plaintiff.

The fact that plaintiff was a successor in interest of one who at one time had a grant of a right of way of the same course as that now sought to be established by prescription, does not serve to deny any rights that plaintiff may have acquired separate and apart from the rights granted to others. (*Bernstein* v. *Dodik*, 129 Cal. App. 454 [18 Pac. (2d) 983]; 19 Cor. Jur., p. 891.)

In regard to the payment of taxes, the trial judge correctly stated the rule in passing upon that point as follows:

"One line of cases holds that the claimant is required to show that there was no assessment of the property claimed adversely, or if assessed that the taxes were paid. Another line of cases holds that the burden rests on defendants to show that there was an assessment. It appears, however, that those cases which cast the burden upon the claimant involve title in fee, and not an easement. On the other hand, the law does not require an easement to be assessed. (*Silva* v. *Hawn*, 10 Cal. App. 544 [102 Pac. 952].) And the burden of showing that taxes have been assessed is upon the party contesting the claim of adverse possession (*Monroe* v. *Pleasants*, 41 Cal. App. 139 [182 Pac. 330]), cited with approval in *Los Angeles County* v. *Pacific Elec. Ry. Co.*, 93 Cal. App. 512 [269 Pac. 767]. The witness Purdy testified that there was no separate assessment of the right of way."

Finding no error in the judgment, the same is hereby affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 26, 1937.