[Civ. No. 6631.   Third Dist.   Oct. 18, 1941.]

O. S. WALLACE et al., Appellants, v. RUTH S. WHIT-
MORE, Respondent.

Clark, Nichols & Eltse for Appellants.

Tinning & DeLap for Respondent.

THOMPSON, Acting P. J.—The plaintiffs have appealed from a judgment quieting title in the defendant and cross-complainant, Ruth S. Whitmore, to an easement of a private roadway across a portion of the property of plaintiffs, acquired by adverse use thereof.

The appellants assert that the findings and judgment are not supported by the evidence for the reason that it was not affirmatively shown that the use of the roadway was not merely permissive as a neighborly accommodation; that the evidence fails to show a reasonably definite course of travel over the roadway and that the appellant had no actual notice of the asserted adverse possession.

The appellants brought suit to quiet title to twenty acres of fruit land situated about a mile from the town of Walnut Creek in Contra Costa County. The respondent owns 130 acres of farm land adjacent to the land of appellants on the south thereof. The appellants purchased their orchard ranch from T. J. Wisecarver August 7, 1937. The respondent's ranch was a part of the Baker tract which was purchased by Garfield Stow, the father of respondent, and acquired at his death by distribution to his wife, Elmira G. Stow and conveyed to the respondent, Ruth S. Whitmore, February 14, 1934. The San Miguel public road extends north and south along the easterly border of appellants' ranch to the town of Walnut Creek. To reach this public road from the premises of respondent it was necessary to cross a narrow strip of appel-

lants' land for a distance of about thirty feet. A wire fence intervened between the land of the respective parties to this appeal. For nearly forty years the respondent and her predecessors in title hauled at will produce and machinery from their premises along a fairly well-defined private road across the thirty-foot strip of appellants' land to the San Miguel public road. That private road was used whenever it was necessary or desirable without protest or opposition on the part of appellants or their predecessors in title. There is no evidence that a formal request was ever made for the use of the roadway. In 1926, Mr. Jones, a tenant of Baker, from whom the respondent's title was derived, constructed a gate across the private roadway in the fence intervening between the properties of the respective parties. This gate was built by and maintained for the benefit of the tenant to enclose his cattle and sheep. Later the gate was usually left open and became dilapidated. The private roadway was never cultivated nor were crops of any sort produced thereon. There is evidence that the roadway was plowed in the cultivation of appellants' land. That fact is disputed, although it may be true that in cultivating appellants' land a disc was sometimes run across the road. There is evidence that Mr. Jensen, a tenant of appellants, disked across the roadway in the spring of 1937. Wild grass sometimes grew along that roadway, although it appears that wheel tracks were always visible thereon. It is not disputed that no controversy ever occurred regarding the unobstructed use of the roadway until just before the suit for quieting title was commenced in April, 1938.

In her cross-complaint the respondent alleged title to an easement in the private roadway by adverse possession, which roadway was particularly described and which she asserted was fourteen feet and two inches in width. The court found that the cross-complainant acquired title by adverse possession of the easement for the private roadway described in her pleading, and that it had been so used by her and her predecessors in title for more than twenty-five years openly, notoriously, adversely, peaceably and continuously under a claim of right. The center line of the said roadway was specifically described, but the court found that she was entitled to an easement for the use of said roadway "fourteen and one-half feet in width." Judgment was accordingly

rendered in her favor quieting title in the respondent, Ruth S. Whitmore, to the easement in said roadway. From that judgment this appeal was perfected.

The findings and judgment quieting title in the respondent, Ruth S. Whitmore, to the private roadway described in the cross-complaint by adverse possession are adequately supported by the evidence. The testimony satisfactorily shows that the respondent and her predecessors in title used the roadway across the appellants' land frequently for a period of twenty-five years, whenever they had occasion to do so, for hauling farm produce, machinery and supplies to or from their ranch and for driving sheep and cattle to the San Miguel public roadway; that said private way was clearly visible on the surface of the ground and followed the course described in the cross-complaint without material variation during all of said period of time; that it was so used by the respondent and her predecessors in title during all of that time without interference, opposition or protest on the part of the appellants or their predecessors in title until about the time this suit to quiet title was commenced, and that the respondent thereby acquired title thereto by openly, notoriously and adversely using the roadway continuously for a long period of years without protest or opposition and with a claim of right so to do. The acts and conduct of the respective parties charged the appellants and their predecessors in title with knowledge of the manner in which the roadway was used. (*Pollard* v. *Rebman*, 162 Cal. 633 [124 Pac. 235]; *Syers* v. *Dodd*, 120 Cal. App. 444 [8 Pac. (2d) 157].) The facts adduced, in the absence of evidence to the contrary, furnish adequate proof that the road was used with a claim of right to do so and upon the contrary that it was not used by permission of the appellants and their predecessors in title as a mere neighborly convenience.

It is true that title to an easement for the use of a private roadway must be established by clear and satisfactory evidence that it was used for more than the statutory period of five years openly, notoriously, visibly, continuously and without protest, opposition or denial of right to do so. But clear and satisfactory evidence of the use of the road in that manner creates a *prima facie* title to the easement by prescription. Such evidence raises a presumption that the road is used with an adverse claim of right to do so, and in

the absence of evidence of mere permissive use of the road, it will be sufficient upon which to sustain a judgment quieting title to the easement therein. In the case of *Ricioli* v. *Lynch*, 65 Cal. App. 53 [223 Pac. 88], the court quotes with approval from the case of *Fleming* v. *Howard*, 150 Cal. 28, 30 [87 Pac. 908], language supporting the previous statement of principle, as follows:

"Under these circumstances it will be presumed that the use was under a claim of right and adverse, and a *prima facie* title by prescription is thereby established. . . . 'A presumption that the use was under a claim of right and adverse arises from an undisputed use of an easement for the established period of prescription; and the burden is upon the party alleging that the use has been by virtue of a license or permission, to prove that fact by affirmative evidence. . . . Where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown, if the other party relies on the fact that these acts or any part of them were permissive, it is incumbent on such party, by sufficient proof, to rebut such presumption of a non-appearing grant; otherwise the presumption stands as sufficient proof, and establishes the right.' (Jones on Easements, sec. 186.)"

The preceding quotation announces the unquestionable rule in California regarding that principle of law. Numerous authorities so hold. (*Fleming* v. *Howard, supra; Gray* v. *Magee*, 133 Cal. App. 653, 662 [24 Pac. (2d) 948]; *Pacific Gas & Electric Co.* v. *Crockett L. & C. Co.*, 70 Cal. App. 283, 290 [233 Pac. 370]; *Redemeyer* v. *Carroll*, 21 Cal. App. (2d) 217 [68 Pac. (2d) 739]; *Wells* v. *Dias*, 57 Cal. App. 670 [207 Pac. 913]; *Lemos* v. *Farmin*, 128 Cal. App. 195 [17 Pac. (2d) 148]; *Ricioli* v. *Lynch, supra; Matthiessen* v. *Grand*, 92 Cal. App. 504 [268 Pac. 675]; *San Juan Gold Co.* v. *San Juan Ridge Mutual Water Assn.*, 34 Cal. App. (2d) 159 [93 Pac. (2d) 582]; Jones on Easements, sec. 186; 1 Cal. Jur., 636, sec. 95; 17 Am. Jur. 981, sec. 72.)

We find no language in *Clarke* v. *Clarke*, 133 Cal. 667 [66 Pac. 10], *Lyons* v. *Schwartz*, 40 Cal. App. (2d) 60 [104 Pac. (2d) 383], or any of the other cases relied upon by the appellants to refute the foregoing declaration of principle to the effect that proof of the open, continuous, uninterrupted

and unopposed use of a private right of way for a long period of years beyond the statutory requirement establishes a *prima facie* right to title to the easement by adverse possession which requires the owner of the land to rebut that evidence by substantial proof that the use was merely permissive as an accommodation to an adjacent property owner.

There is no merit in appellants' contention that the evidence fails to show the location and course of the asserted roadway. The cross-complaint specifically alleges the exact course of the center line of that roadway, which, it was claimed, existed and that it was fourteen feet and two inches in width. The evidence is that the tracks of the vehicles which traveled the roadway were always plainly visible. There is no substantial evidence of a variance from that course during many years of the use thereof. The course of the roadway was surveyed by Clyde Laird, a civil engineer. His description of the roadway was incorporated in the cross-complaint. The respective attorneys stipulated to his testimony in that regard, as follows:

"His testimony will be that the center line of this roadway *is as described in our cross-complaint* and in this diagram, and that there were wheel tracks; that that is the center line of the wheel tracks that are there at present and that the distance between the gate post on the west end which is still in place and the hole where the gate post was on the east end, which he says he has found and has marked on the diagram, is fourteen feet two inches."

The foregoing evidence furnishes ample proof to support the finding of the court with respect to the center line of the course of the roadway. It is true that the court found the roadway to be fourteen and a half feet in width, instead of fourteen feet and two inches in width, as alleged in the cross-complaint. The judgment should, therefore, be modified so as to subtract two inches in the width of the road from either side of the center line thereof.

There is sufficient evidence to charge appellants, as purchasers of their ranch in August, 1937, with notice of the existence of the easement to the private roadway in question. There is evidence, although a conflict exists in that regard, that tracks of the vehicles which traveled the road were always visible to the time it was surveyed just before the trial of the case, and that there was a gateway in the

wire fence at that point. It is said in *Pollard* v. *Rebman, supra,* in that regard:

"The purchase was made for Mrs. Pollard by S. B. Abbott, her father. Neither he nor his daughter knew anything of the conveyance of the right of way, or of Rebman's claim thereunder. Abbott and Mrs. Pollard both examined the premises before purchasing, but neither of them saw the gate or observed any marks on the ground indicating any use of the said way. The gate was plainly visible and the mere fact that they did not observe it would not exempt them from its effect as notice of the existence of the easement, if it was sufficient to constitute notice thereof. If the marks of use of the way were then plainly visible, they would be chargeable with notice of them also."

Mr. Jensen, a neighbor, who farmed the ranch for the appellants and their predecessor in title, Mr. Wisecarver, for a period of eleven years since 1927, testified, with respect to the visible tracks along the roadway:

"You could see tracks going in there. The Court: Well, I say, you could see tracks that somebody had gone across there? A. Yes."

Mr. Jones, who farmed the land of the respondent for her predecessor in title, and who constructed the gate in 1922, testified, as did Mr. Palmer, to the continuous use of the roadway and to the fact that tracks of vehicles were visible along its course. Jones testified that it never was plowed over. This furnishes adequate evidence of visible tracks to charge the appellants with notice of the existence of the private right of way.

The judgment is modified to conform to the stipulated evidence by reducing the width of the easement to the roadway to seven feet and one inch on either side of the center line of the roadway as described in the cross-complaint and judgment. As so modified, the judgment is affirmed, respondent to recover her costs on appeal.

Ross, J., *pro tem.,* and Tuttle, J., concurred.