[Civ. No. 3115. Fourth Dist. Mar. 23, 1944.]

GRACE McMORRIS, Respondent, *v.* MARGARET PAGANO et al., Appellants.

Thomas F. Lopez for Appellants.

Walter Sorensen and Penn Cummings for Respondent.

GRIFFIN, J.—In 1919 one E. P. Smith held title to the south 87½ feet of lots 17 to 20, inclusive, in block 6, Orchard Hill Addition to the city of Fresno. He deeded the north 37½ feet of the south 87½ feet of those lots to his wife, Anna Smith, and she deeded her interest in the south 50 feet of the said lots to him. Thereafter, in 1920, Mr. Smith deeded the south 50 feet of lots 17 to 20, inclusive, excepting the east 10 feet of the south 50 feet of lot 17 to Marietta Coleman, who subsequently, in 1925, deeded the same property with the same exception to one J. I. Tucker, who in 1935 deeded it with the same exception to Delfina Pagano, one of the defendants and appellants herein. It is apparent that in excepting the east 10 feet of the south 50 feet of lot 17 and retaining title to it, Smith apparently intended that the 10 foot strip would afford his wife a means of ingress to and egress from the main alleyway in block 6 to the rear of her property which he had previously deeded to her. Anna Smith sold the north 37½ feet of the south 87½ feet of lots 17 to 20, and it went through various hands until 1926 when plaintiff Grace McMorris bought the Anna Smith property with the house and garage located upon it which were and still are in the same position. The garage faces south toward the alley and it can be entered only by means of the ten-foot strip. However, plaintiff's property does face on a public street. Other houses to the north, south and back of her property were so closely adjacent to her house as to hem her in and precluded her from maintaining the driveway to her garage on either side of the house. Plaintiff was given to understand by the real estate agent selling the property for the owner that the ten-foot passageway was for plaintiff's use. She and her predecessors in interest used the right of way from 1920 to 1942 as a mode of ingress and egress to and from the garage located on the rear of her property. In the meantime the taxes on the ten-foot strip had gone delinquent, unknown to plaintiff. On March 8, 1942, defendant Delfina Pagano purchased the tax deed to it for $10 and deeded it to her daughter, defendant Margaret Pagano, who in turn deeded it to Manuel Penheiro, who deeded the strip back to Delfina Pagano sometime before this suit was instituted. About March 18,

1942, plaintiff drove home and found that defendants had blocked and barricaded the ten-foot strip so that she could not use it. She instituted this proceeding to quiet title to the passageway over the ten-foot strip by prescriptive right and to have the same declared to be a perpetual easement for her. Defendant Delfina Pagano in her answer denied all of the allegations of the complaint with the exception of paragraph 2, which alleged that she claimed an interest in and title to said strip. This she admitted. The other defendants, in a joint answer, denied generally and specifically each and every allegation of plaintiff's complaint and also disclaimed any interest in the ten-foot strip.

On the issues thus framed the cause was tried before the court without a jury. Judgment was rendered in favor of the plaintiff and against the defendants declaring that the plaintiff and her predecessors in interest for more than ten years last past had been in possession of the right of way and used it, openly, notoriously and adversely during said time, and although not the owner of the fee, she had a perpetual easement or right of way upon and over the strip of land in question and her title to the easement or right of way was quieted. It did not decree that plaintiff was the *owner* of the ten-foot strip. Judgment was entered against all defendants for costs. This appeal followed.

The evidence shows that plaintiff did not know the owner Smith, nor did she have any dealings with him. It is claimed, however, that the open and notorious character of the use of the right of way brought notice home to him. The ten-foot strip in question was at no time fenced in by plaintiff or anyone else, but was open into the neighbor's property, open into the alley, and was also used occasionally by the neighbors. Taxes on the ten-foot strip of land were admittedly not paid by plaintiff with the exception of one year, but it is her contention that the taxes on the right of way were included in the taxes she paid on her own real property which was adjacent to the strip. The evidence further shows that the ten-foot strip was separately assessed, but the easement or right of way over that strip was not so separately assessed.

Defendants claim that there was no evidence that plaintiff or her predecessor in interest used the strip of land adversely for the time required by statute; that a right of way by prescription may be acquired upon lands of another only by use

which is neither expressly nor tacitly permitted; that such use must be for the full period of five years, not only open, notorious and continuous, but adverse and under a communicated claim of right as well; that plaintiff's use thereof was permissive only and neither adverse to the true owner and hostile to his title, nor under a claim of right asserted in such manner that the owner might know of the claim, citing *Clarke* v. *Clarke,* 133 Cal. 667 [66 P. 10]; *Lyons* v. *Schwartz,* 40 Cal.App.2d 60 [104 P.2d 383], and other similar cases.

The evidence supports the findings of the trial court and shows that in 1920 Mrs. Smith built her garage facing the ten-foot strip and that it was used thereafter by her and her successors in interest for over 20 years as a passageway. Plaintiff used it for over eight years before Pagano purchased her property from Tucker and 16 years before Pagano received a tax deed to the ten-foot strip. Whether the original use of the ten-foot strip was merely permissive and whether its use was adverse to the true owner and hostile to his title and under a claim of title is not clear from the evidence. However, there are facts which might indicate that plaintiff's use thereof was not "merely permissive" but was under a claim of right and adverse to the true owner and hostile to his title for the statutory period, i. e., that the user was so continuous and so openly and notoriously adverse to the owner as to create a presumptive knowledge in the owner that the person using the land was so doing under a claim of right. It is true that plaintiff did not directly show that she knew Smith or had any dealings with him, but the open and notorious character of the use of the right of way brought notice home to him. The assertion of a claim of adverse right of way over land may be inferred from notorious acts. (*Conaway* v. *Toogood,* 172 Cal. 706, 710 [158 P. 200]; *Grimmesey* v. *Kirtlan,* 93 Cal.App. 658, 665 [270 P. 243].) The question as to whether or not the use of a right of way has been adverse and under a claim of legal right so to do, or is a mere permissive use is generally a question of fact to be determined by the court from all the facts and circumstances of the case. (*Conaway* v. *Toogood, supra; Alper* v. *Tormey,* 7 Cal.App. 8 [93 P. 402]; *Yuba Consolidated Goldfields* v. *Hilton,* 16 Cal. App. 228 [116 P. 715]; *Hanson* v. *McCue,* 42 Cal. 303, 304 [10 Am.Rep. 299]; *Alvarado* v. *Nordholt,* 95 Cal. 116 [30 P. 211]; *Barbour* v. *Pierce,* 42 Cal. 657; *Bernstein* v. *Dodik,* 129

Cal.App. 454 [18 P.2d 983]; *Kellogg* v. *Huffman,* 137 Cal. App. 278 [30 P.2d 593]; *Mings* v. *Compton City School District,* 129 Cal.App. 413 [18 P.2d 967]; *Wells* v. *Dias,* 57 Cal. App. 670 [207 P. 913]; *Redemeyer* v. *Carroll,* 21 Cal.App. 2d 217, 220 [68 P.2d 739].) ▮ The trial court's finding has evidentiary support.

▮ Defendants next argue that payment of taxes is necessary to the successful assertion of title by adverse possession and that plaintiff did not prove payment of such taxes on her claimed easement of right of way for the prescribed period. The claimed easement of right of way was not separately assessed. The court found that it was appurtenant to the land owned by plaintiff. Under the evidence this finding was proper. (*Elliott* v. *McCombs,* 17 Cal.2d 23 [109 P.2d 329]; Sec. 801, Civ. Code.) Plaintiff paid all taxes on her property.

In *Redemeyer* v. *Carroll, supra,* the rule here applicable is thus quoted:

" 'One line of cases holds that the claimant is required to show that there was no assessment of the property claimed adversely, or if assessed that the taxes were paid. Another line of cases holds that the burden rests on defendants to show that there was an assessment. It appears, however, that those cases which cast the burden upon the claimant involve title in fee, and not an easement. On the other hand, the law does not require an easement to be assessed. . . . And the burden of showing that taxes have been assessed is upon the party contesting the claim of adverse possession. . . .' " (Citing cases.) See, also, *Smith* v. *Smith,* 21 Cal.App. 378 [131 P. 890]; *Bernstein* v. *Dodik, supra; City of Gilroy* v. *Kell,* 67 Cal.App. 734 [228 P. 400].

▮ The next contention is that the sale of the ten-foot strip for delinquent taxes broke the continuity of adverse possession, citing *Spotswood* v. *Spotswood,* 4 Cal. App. 711 [89 P. 362]. That case involved a claimed perfected *title in fee to the land* in controversy and not *an easement for right of way* over the lands. In the instant case the claimed easement was not separately assessed and taxed. The easement was not sold to the state for nonpayment of taxes, because the taxes on said easement were presumed, nothing to the contrary appearing, to be paid by respondent when she paid her taxes on her own real property, which was the dominant tenement and included

the servient tenement which was the right of way. (*Smith* v. *Smith, supra.*)

Judgment for costs was entered against all defendants. Plaintiff, in the complaint, in addition to other allegations, alleged possession of the property. Margaret and Dominic Pagano filed an answer denying all of the allegations of plaintiff's complaint and then disclaimed any interest in the property. It is argued now that costs should not have been entered as to them. Sec. 739 of the Code of Civil Procedure provides that a plaintiff may recover no costs if the defendant in his answer disclaims any interest in the property. However, in a quiet title action, if defendants wish to avail themselves of the statutory provision relating to disclaimers, to save themselves from costs, they should not have raised the issue on plaintiff's possession and other material issues alleged, and put him to his proof. (*Brooks* v. *Calderwood,* 34 Cal. 563, 566; *Graham* v. *Hunt,* 119 Cal.App. 586, 590 [7 P.2d 186]; *Faxon* v. *All Persons,* 166 Cal. 707 [137 P. 919, L.R.A. 1916B 1209]; *Pinheiro* v. *Bettencourt,* 17 Cal.App. 111 [118 P. 941].

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 18, 1944.