[Civ. No. 3618.   Fourth Dist.   May 27, 1947.]

RUTH CARROLL et al., Appellants, v. FRANK AGLIANO et al., Respondents.

Garfield & Garfield and John B. Petermann for Appellants.

Wilmer Breeden for Respondents.

MARKS, J.—This is an action to quiet title to an easement 20 feet wide and 675 feet long for use as a private roadway over defendants' property.  Defendants' answer denied the material allegations of the complaint.  They filed a cross-complaint seeking to quiet their title to the roadway.  Judgment went for defendants and cross-complainants and this appeal followed.

Plaintiffs base their claim of title to the roadway on prescriptive use for many years. Such use by plaintiffs and their predecessors is fully established by the evidence, but whether that use was adverse and under claim of right or was permissive is the important question for decision here.

▉ If the use of a roadway by a neighbor is with the express or implied permission of the owner of the property over which it passes its continued use is not adverse and cannot ripen into a right. (*Pacific Gas & Electric Co.* v. *Crockett etc. Co.,* 70 Cal.App. 283 [233 P. 370]; *Nay* v. *Bernard,* 40 Cal.App. 364 [180 P. 827]; *Irvin* v. *Petitfils,* 44 Cal.App.2d 496 [112 P.2d 688]; *Los Angeles etc. Co.* v. *Los Angeles,* 60 Cal.App.2d 478 [141 P.2d 46].)

▉ Plaintiffs rely on the rule that where the use of the way was so continuous and so openly and notoriously adverse as to justify the inference that the owner of the land should have had knowledge that the use was under claim of right, a prescriptive right may be sustained. (See *McMorris* v. *Pagano,* 63 Cal.App.2d 446 [146 P.2d 944]; *Wallace* v. *Whitmore,* 47 Cal.App.2d 369 [117 P.2d 926]; *Redemeyer* v. *Carroll,* 21 Cal. App.2d 217 [68 P.2d 739].) This rule is well established but whether the use is adverse and under the claim of right or is permissive is usually one of fact to be settled in the trial court. (*Thomas* v. *England,* 71 Cal. 456 [12 P. 491]; *McMorris* v. *Pagano, supra.*)

▉ Mr. Frank J. Beuchner bought the property in question in 1919. He occupied it until 1944, when he sold it to defendants. He testified that when he bought it he erected a large sign at the entrance to the way on which was the following: ''Southland Poultry Ranch, Hatching Eggs, Foundation Stock, Baby Chicks, Private Road,'' with an arrow pointing to the road and at the bottom was ''Visitors Welcome.'' He also testified that the way ''was posted when I bought the place and it has been posted ever since, 'Private Road.' ''

Ruth Brown, formerly Ruth Carroll, one of the plaintiffs testified that a sign with ''Private Road'' on it was posted at the entrance to the way from a public street at the time of trial and that Mr. Beuchner gave her permission to use the way. Several other witnesses testified to seeing these signs posted along the way and to other facts indicating permissive use of the way.

The existence of these signs indicate that the use of the way was permissive (*Tarpey* v. *Veith,* 22 Cal.App. 289 [134

P. 367]; *Jones* v. *Tierney-Sinclair,* 71 Cal.App.2d 366 [162 P.2d 669]; *City of Laguna Beach* v. *Consolidated Mortgage Co.,* 68 Cal.App.2d 38 [155 P.2d 844]) and this and other evidence supports the finding to the effect that plaintiffs and their respective predecessors in interest had not used the driveway openly, notoriously, uninterruptedly and adversely to defendants. This finding is sufficient to support the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.