[No. 11092.   Department One. — January 22, 1886.]

COUNTY OF FRESNO, Respondent, *v.* FOWLER SWITCH CANAL COMPANY, Appellant.

Canal Corporation — Bridge over Public Highway — Construction of. — Section 551 of the Civil Code, requiring every water or canal corporation to construct and keep in repair for public use across their canal, flume, or water-pipe, all the bridges that the board of supervisors may require, has not been repealed by section 2737 of the Political Code, as amended in 1883, authorizing the road overseer to construct bridges across all ditches that intersect public highways, upon the neglect of the persons excavating the ditches so to do.

Id. — Mandamus to Compel Erection of Bridge. — A writ of mandate lies to compel such a corporation to construct a bridge across its ditch upon its refusal to comply with an order of the board of supervisors requiring the erection of the bridge.

Appeal from a judgment of the Superior Court of Fresno County.

Proceeding by *mandamus* to compel the defendant to construct and maintain a bridge over its canal at its intersection with a public highway. The further facts are stated in the opinion.

*E. C. Winchell,* for Appellant.

*E. D. Edwards,* and *Sayle, Harris & Cavitt,* for Respondent.

McKinstry, J.—This was a proceeding in the court below to compel by *mandamus* the defendant, a water and canal corporation, to perform the duty imposed by section 551 of the Civil Code, which provides:—

"Every water or canal corporation must construct and keep in good repair, at all times, for public use, across their canal, flume, or water-pipe, all of the bridges that the board of supervisors of the county in which such canal is situated may require, the bridges being on the lines of public highways and necessary for public use in connection with such highways; and all water-works

must be so laid and constructed as not to obstruct public highways."

Appellant claims the section of the Civil Code to be no longer operative, because repealed by section 2737 of the Political Code. (Amendments of 1883, p. 17.)

The section of the Civil Code requires every such corporation to construct and keep in good repair, over their canals at points where they cross a public highway, the bridges which the board of supervisors may require.

The section of the Political Code reads: "All persons excavating . . . . ditches across public highways are required to bridge said ditches at such crossing, and on neglect to do so the road overseer for that road district shall construct the same and recover the cost of construction of such persons by action as provided in this section."

We think the word "persons" includes canal corporations. But the provisions of both codes are in force because they are not necessarily contradictory. The attention of the legislature was not addressed to the same subject. The section of the Civil Code is in a chapter which treats of corporations; that of the Political Code in a chapter which is headed "Obstructions and Injuries to Highways." The defendant is not relieved of the duty imposed by the Civil Code by the section of the Political Code. On the contrary, the duty is reasserted. The claim is, that the Political Code limits and defines the consequences which shall follow upon a failure to perform the duty.

The Civil Code does not affix any penalty. But both codes impose the duty from the moment the ditch is dug across the highway. It cannot be presumed that it was the intention of section 2737, Political Code, that a canal across the highway should remain unbridged for a "reasonable time" (any time would be unreasonable), until the corporation should determine whether or not it would perform its plain duty by building the bridge. The only thing that seems to militate against this view is the

use of the word "shall" in the Political Code. But "shall" can be read "may" and "may" "shall," in a statute, if the evident intent of the legislature requires it.

If appellant is correct in its construction, such corporation obstructing the highway may refuse to perform a duty imposed by the Civil Code; leave it to the "road overseer" to build its bridges, at the expense in the first instance of the county or road district, and then perhaps afford that officer the privilege of a lawsuit to recover the moneys advanced for the constructions.

Both codes impose the duty; the Political Code provides a consequence on a failure to perform, which may be enforced at the option of the road overseer and supervisors.

Other provisions of the Political Code indicate that the erection of a bridge, in case the owner of a ditch or canal shall neglect to build it, is in the option of the supervisors. The money for the erection must be appropriated out of the general county road fund, or out of the road fund of the district in the county treasury.

While it is said in the section of the Political Code that if the owner of a ditch crossing a highway shall neglect to bridge it, the road overseer "shall" construct a bridge, the meaning is that he shall do so under the direction of the supervisors, in case the supervisors shall provide for it. A direction to an officer cannot be said to be mandatory when the law furnishes him no means of obeying the direction.

The road overseer has the control of no money wherewith to build bridges, except such as is appropriated by the board. The statute cannot be read as commanding him to erect the bridge at his own expense.

*Mandamus* is a proper remedy. Plaintiff had not "a plain, speedy, and adequate remedy in the ordinary course of law."

Judgment affirmed.

Ross, J., and McKEE, J., concurred.