[Sac. No. 1801.   In Bank.—May 12, 1911.]

## CITY OF MADERA, Appellant, v. MADERA CANAL AND IRRIGATION COMPANY, Respondent.

HIGHWAYS — BRIDGE OVER CANAL — OBLIGATION TO CONSTRUCT AND MAINTAIN;—HIGHWAY ESTABLISHED SUBSEQUENT TO CANAL.—Section 551 of the Civil Code, requiring the owners of canals, flumes, or other appliances for conducting water, crossing or running along a public highway, to construct, maintain, and keep in repair such bridges across the same as may be necessary to the safe and convenient use of the highway by the public, does not impose the duty upon such owners of constructing and maintaining bridges across the same upon the lines of streets or highways laid out and opened after the construction of the canal, flume, or other appliance.

ID.—DUTY TO CONSTRUCT BRIDGE IN ABSENCE OF STATUTE.—In the absence of any statutory provision, it would be the duty of one running a canal or a ditch across an existing highway to so construct and maintain the same as not to interfere with the use of the highway. Where, however, after the construction of a canal or a ditch, the public seeks to lay out roads or streets across or along the line of the ditch, the duty of constructing the roads or streets and of overcoming such obstructions as may be found in their path falls upon the public for whose convenience and use the roads or streets are laid out.

APPEAL from a judgment of the Superior Court of Madera County.   W. M. Conley, Judge.

The facts are stated in the opinion of the court.

R. E. Rhodes, and Francis A. Fee, for Appellant.

W. H. Davis, Robert L. Hargrove, and G. W. Mordecai, Jr., for Respondent.

Frank H. Short, John M. Fulweiler, and E. E. Kcech, *Amici Curiæ,* for Respondent.

SLOSS, J.—The city of Madera commenced this action against the defendant to recover the sum of five hundred dollars, the cost of constructing a bridge across a ditch or canal of said defendant. A demurrer to the complaint was sustained and judgment entered in favor of the defendant. From this judgment plaintiff appeals.

The complaint shows that since March, 1907, the plaintiff has been a corporation of the sixth class; that the defendant, since 1888, has been a corporation organized under the laws of this state, and during all this time it has been the owner and in the possession of certain canals and ditches and engaged in the business of furnishing through said canals and ditches water for domestic and other useful purposes. Yosemite Avenue, a public street of the city of Madera, crosses one of the main canals or ditches of the defendant at a point within the city limits. The avenue in question "was dedicated, opened and laid out through and across said ditch of said defendant corporation subsequent to the construction of said canal or ditch." It is further alleged that in September, 1907, the board of trustees of the plaintiff ordered and directed that a bridge be constructed on said Yosemite Avenue over and across defendant's canal or ditch at a point where the said canal crosses said Yosemite Avenue; that the plaintiff made a written demand upon defendant to construct said bridge; that the defendant failed and refused for more than seven days, and ever since has failed and refused to construct said bridge, whereupon the plaintiff constructed a suitable bridge, necessarily expending therefor the sum of five hundred dollars. The prayer is for judgment against the defendant for said sum of five hundred dollars.

The plaintiff seeks to support its claim by the provisions of section 551 of the Civil Code. That section reads as follows:

"No canal, flume, or other appliance for the conducting of water must be so laid, constructed, or maintained as to

obstruct any public highway; and every person or corporation owning, maintaining, operating, or using any such canal, flume, or appliance, crossing or running along any public highway, must construct, maintain, and keep in repair such bridges across the same as may be necessary to the safe and convenient use of such highway by the public; and on failure so to do, the board of supervisors of the county, after seven days' notice in writing to said person or corporation, may construct or repair such bridge or bridges, and recover of such person or corporation the amount of the expenditure made in so doing."

The principal question presented upon this appeal, and the only one which we find it necessary to consider, is whether or not this section was intended to impose upon the owners of canals, flumes, or other appliances for the conducting of water, the duty of constructing and maintaining bridges across the same upon the line of streets or highways laid out and opened after the construction of the canal, flume, or other appliance. The complaint raises this question squarely, and was no doubt framed with the intent of so doing, for it avers *ex industria* that Yosemite Avenue was not laid out until after the construction of the canal or ditch by the defendant.

If there were no statutory provision at all, it would be the duty of one running a canal or a ditch across an existing highway to so construct and maintain such canal or ditch as not to interfere with the use of the highway. The acquisition of a subsequent easement does not carry with it the right to destroy or hamper the exercise of the prior one. But a different situation is presented where, after the construction of a canal or a ditch, the public seeks to lay out roads or streets across or along the line of the ditch. In such cases, the duty of constructing the roads or streets and of overcoming such obstructions as may be found in their path would normally fall upon the public for whose convenience and use the roads or streets are laid out. If a natural watercourse is encountered and a bridge becomes necessary, the cost of the bridge must be borne by the governmental subdivision charged with the duty of constructing and maintaining the road. Even though the surface of the ground may have been changed from its natural condition, the expense of constructing a road through the land so altered is not, without a statu-

tory provision to that end, thrown upon the owner of the land or the one who has lawfully and properly changed its original condition. (*City of Denver* v. *Mullen,* 7 Colo. 345, [3 Pac. 693].)

Whether or not the legislature may constitutionally impose upon those who have acquired the right to so conduct water the burden of constructing and maintaining across their ditch or other conduit suitable bridges or other crossings over public roads that may be subsequently established, is a question much discussed in the briefs. Most of the cases cited on either side deal with regulations requiring railroads to provide suitable crossings wherever public highways may intersect the right of way. The decided weight of authority favors the view that such requirements may, in the exercise of the police power, be applied to highways established after the construction of the railway. (*State* v. *District Court,* 42 Minn. 247, [44 N. W. 7. 7 L. R. A. 121]; *State* v. *St. Paul etc. Co.,* 98 Minn. 380, [120 Am. St. Rep. 521, 108 N. W. 261, 28 L. R. A. (N. S.) 298], and cases cited.) There is no such perfect analogy between a railroad and a water conduit that considerations affecting the one can for all purposes be safely applied to the other. Whether a statute having the effect which the appellant attributes to section 551 would be valid is a question that is not necessarily answered by a reference to the rulings on enactments governing railroad crossings. But, as we have intimated, our view of the meaning of this section is such as to make it unnecessary to consider this question.

Before passing to a discussion of the interpretation of section 551, we may remark that we shall not here review the various decisions to which we have been cited on the proper construction of statutes requiring railroad or canal companies to construct crossings where the railroad or canal intersects a public highway. Most of the cases dealing with railroads lend some support to the appellant's contention. On the other hand, statutes relating to canals have more often been read as referring only to highways existing when the canal was constructed. This may be due in part to the difference in the subject-matter. Whatever may be the just view of the relation between public highways and railroads, there would seem to be, in natural justice and equity, no compelling reason why the owners of canals or ditches should be burdened

with the obligation of constructing bridges to enable the public to cross on the line of a road or street that may, at any future time, be laid out.  However this may be, so much depends upon the peculiar phraseology employed in each case that we cannot, in reading our own statute, derive much help from the views expressed by other courts in dealing with different statutes.

Section 551 provides that no canal must be laid out, constructed, or maintained as to obstruct any public highway; and every person or corporation owning, maintaining, operating, or using any such canal, crossing or running along any public highway, must construct, maintain, and keep in repair such bridges across the same as may be necessary to the safe and convenient use of such highway by the public.  If the first part of the section did not contain the word "maintain," that is to say, if it provided that no canal must be so laid out or constructed as to obstruct any public highway, there would seem to be little room for the contention that the legislature intended to impose upon the owner of the canal or other appliance for conducting water, the duty of bridging highways subsequently laid out.  We do not think the use of the word "maintain" is sufficient to justify a change in this construction.  This word can be given complete effectiveness by making it refer to the duty of the owners with regard to highways existing at the time the canal was constructed.  A canal might, in the first instance, be so laid out as not to obstruct an existing highway.  It might thereafter, however, get into such condition as to obstruct a highway crossing it.  For example, the flow of water might leave deposits in the bed of the canal and so raise the surface of the water so as to impede the use of the highway.  The flow of water might be increased so as to make necessary a bridge over a canal or ditch which could theretofore have been forded without danger or inconvenience.  The banks of the ditch might be allowed to fall into disrepair.  In such cases the public would not be protected in the use of its highway by a mere requirement that the ditch should not be laid or constructed so as to obstruct the highway.  The prohibition against "maintaining" it in such manner as not to create an obstruction is necessary to protect the public in the possession of the rights which it enjoyed when the ditch was originally laid out.  So limiting the operation of the section to

CLIX Cal.—48

existing highways, a natural and reasonable construction is given to its terms, and every provision contained in it is given due effect.

Section 551 was amended and enacted in its present form in 1905. Theretofore, it read "every water or canal corporation must construct and keep in good repair, at all times, for public use, across their canal, flume or water-pipe, all of the bridges that the board of supervisors of the county in which such canal is situated may require, the bridges being on the lines of public highways and necessary for public uses in connection with such highways." This section, which was a part of the original code, was based upon various prior statutory provisions (Stats. 1862, p. 541; Stats. 1869-70, p. 660; Stats. 1871-72, p. 732). It is argued by the appellant that these prior enactments plainly showed an intent to require corporations owning ditches, etc., to construct bridges over the same on the line of public highways, whether the highways existed at the time the ditch was laid out or were thereafter opened, and that it is not to be presumed that the legislature intended to change a policy that had existed for almost half a century. But we think the argument is based upon insufficient premises. It is by no means clear, and it has never been held, that the prior statutes should be so construed as to apply to highways not in existence at the time of the construction of the ditch or canal, and there are strong reasons for holding that they should not be so construed. This view of the meaning of section 551 and its predecessors is fortified by a consideration of other code provisions. Section 2694 of the Political Code provides that "whenever highways are laid out to cross railroads, canals, or ditches, on public lands, the owners or corporations using the same must, at their own expense, so prepare their roads, canals, or ditches that the public highway may cross the same without danger or delay. And when the right of way for a public highway is obtained through the judgment of any court over any railroad, canal, or ditch, no damages must be awarded for the simple right to cross the same." Here is an enactment dealing specifically with highways laid out *after* the construction of a canal, ditch, etc. The first sentence of this section has reference only to crossings upon public lands, and its operation and effect have only an incidental bearing upon the present discussion.

The second sentence, however, is not so limited, and the plain implication from the language used is that while the railroad, canal, or ditch is subject to crossing by a public road without any compensation for the mere right to cross, the further burden of constructing a bridge or other necessary crossing is not imposed upon the owner of such railroad, canal or ditch, but rests upon the public agency constructing the highway. Section 2737 of the Political Code, too, is in point. (See *County of Fresno* v. *Canal Co.*, 68 Cal. 359, [9 Pac. 309].) It contains provisions for bridging ditches which cross public highways and puts the expense of such bridges upon the person constructing the ditches. The language of this part of the section seems to have reference only to ditches constructed across pre-existing highways, and even in such cases the supervisors are given authority, with the consent of the owners of ditches, to declare such bridges to be public property of the county, and to maintain them at the expense of the county. Reading all these sections together, we think the respondent is right in its contention that the legislature did not intend to impose upon the owners of ditches or other artificial conduits of water the duty of bridging the same whenever the public, after the construction of the canal, ditch, or other conduit, should undertake to lay out a new road across the water conduit. This being so, the complaint stated no cause of action and the demurrer was rightly sustained.

The judgment is affirmed.

Angellotti, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.