[Civ. No. 705.   Third Appellate District.—August 8, 1911.]

SOUTH YUBA WATER COMPANY, Respondent, v. THE
CITY OF AUBURN, Appellant.

CANAL OVER ROAD IN UNINCORPORATED TOWN—COUNTY BRIDGE OVER CANAL—REPAIR AND RECONSTRUCTION BY CITY—CONTRACT LET TO WATER COMPANY—LIABILITY OF CITY.—Where a water company constructed its canal conducting water for distribution for useful purposes over a traveled road running through an unincorporated town before any highway was declared therein, and several years

thereafter the county constructed and maintained a bridge at a street crossing in said town, which was subsequently cared for and repaired by said town after it became an incorporated city, and ten years after such incorporation said city ordered bids let for the reconstruction of an improved bridge at such crossing, and the contract therefor was let to the water company as the lowest bidder, the city thereby became liable to the water company for the contract price for the construction of said new bridge.

Id.—Power of City Under Charter.—The city had power under its charter "to establish, build and repair bridges . . . and to construct. . . culverts."

Id.—Construction of Civil Code—Canal Owner not Required to Construct Bridges Laid Out After Construction of Canal.— The provision of section 551 of the Civil Code, enacted in 1872, long after the canal in question was constructed, which was in 1851 before any highway was established, has no application to make it the duty of the water company to construct bridges over highways established after the construction of its canal.

Id.—Duty of Municipality.—Where a municipality lays out or establishes a street or highway which crosses a canal or ditch previously constructed by its owner, the duty of erecting the necessary bridge at such crossing devolves upon the municipality, and not upon the owner of the canal or ditch.

Id.—Construction of New Bridge for City—Interest—Presentation of Claim.—No interest could be allowed in favor of the water company, as contractor for the city, until after the presentation of the claim for allowance by its board of trustees, and their rejection thereof. It cannot be allowed from any earlier date.

Id.—Complaint on Claim—Denial of Motions to Strike Out not Part of Judgment-roll—Review upon Appeal from Judgment. Where motions to strike out parts of the complaint on the rejected claim were denied, the order denying the same is no part of the judgment-roll, and cannot be reviewed upon appeal from the judgment on the judgment-roll.

Id.—Construction of Amended Code—Order Refusing to Strike Out Unaffected.—Though, under the amendment of 1907 to section 670 of the Code of Civil Procedure, orders striking out a pleading in whole or in part are made part of the judgment-roll, yet orders refusing to strike out are not included, but are governed by the preceding law, under which they are no part of the judgment-roll.

APPEAL from a judgment of the Superior Court of Placer County. J. F. Ellison, Judge presiding.

The facts are stated in the opinion of the court.

A. C. Lowell, for Appellant.

John M. Fulweiler, for Respondent.

CHIPMAN, P. J.—This is an action to recover the agreed price for the construction of a concrete culvert at the crossing of the street known as Railroad street, over plaintiff's canal. The cause was tried by the court and plaintiff had judgment, from which the defendant appeals on the judgment-roll.

The court found the averments of the complaint to be true and the affirmative averments of the answer to be untrue. We have, therefore, only the sufficiency of the complaint to deal with, for it constitutes the findings of the court. The sole question is, Do the findings support the judgment?

It is found that plaintiff is a duly organized corporation, owning and operating that certain ditch or canal formerly known as the Bear river and Auburn ditch and now called the South Yuba Water Company's canal; that said canal was constructed during the years 1850 and 1851, and conveyed the waters of Bear creek from a point near Colfax, Placer county, to and past the town, now city, of Auburn, carrying waters to the westerly portion of said county and disposing of the same for mining, agricultural, irrigation and other enumerated purposes, and, ever since the years 1850 and 1851, plaintiff and its predecessors have continuously owned and used said canal and said water for said purposes; that the city of Auburn is a city of the sixth class and was so created in the year 1887; that about the year 1865 and prior to the incorporation of said city of Auburn, there was a traveled road, now called Railroad street, in said city, which said road crossed the said canal of plaintiff about where said street now crosses said canal, across which the county of Placer, by its duly constituted authorities, constructed and maintained a bridge until the incorporation of said city, since which time the said city has maintained and repaired said bridge; that, in the year 1907, the said bridge became out of repair and required rebuilding, and the said city, by its duly constituted author-

ities, advertised for bids for replacing said bridge by means of a reinforced concrete culvert on said Railroad street and across the same; that bids were presented by plaintiff and others and the work let, under proper resolution authorizing the same, to plaintiff, and upon terms and conditions set forth in a written contract, which is fully set forth in the complaint, by which the city agreed to pay plaintiff the sum of $660 for said work—seventy-five per cent of said sum upon the completion of the said culvert and twenty-five per cent thereof thirty-five days after said completion and acceptance, and the said city agreed "to pay the said contractor the said sum of $660 for the said work at the time and in the manner hereinbefore provided"; that "thereafter and by the month of June, 1907, plaintiff fully performed each and all of its agreements and obligations as set out in said contract . . . and the defendant accepted the same and has ever since used the same for the uses and purposes of said city of Auburn and of its inhabitants"; that "thereafter, to wit, on or about the 2nd day of September, 1907, the plaintiff duly presented to the said city board of trustees its claim against said city of Auburn, for said work done under said contract, being for the sum of six hundred and sixty dollars, due and payable and unpaid plaintiff by said city of Auburn," for said work and pursuant to said contract and acceptance by said city; that said city "delayed and neglected from time to time to act upon said claim of plaintiff . . . until the first day of June, 1908," and on that date rejected and refused to pay the said claim of plaintiff without any just cause or excuse; that said claim is still due and owing and unpaid, "since about June 1st, 1907." The prayer is for the full amount of $660 "with legal interest thereon from the 1st day of June, 1907, and for costs of suit."

The court gave judgment for the amount claimed with legal interest from June 1, 1907.

It thus appears that plaintiff's canal was constructed long prior to the establishment of the county highway in the year 1865, which afterward, in 1887, became one of the streets of defendant city; that the county built and maintained the bridge over the canal up to the time jurisdiction over the street passed to the city of Auburn, since which time the latter has maintained and cared for the bridge; that a neces-

sity arose for repairing or replacing the bridge by a more substantial structure and the defendant decided on building a concrete culvert, in pursuance of which it advertised for proposals and let the contract to plaintiff; that the work was duly completed and accepted, but, for some unexplained reason, the defendant refused to pay the price agreed upon or to pay at all. Hence this action.

That the defendant was authorized by its charter to enter into such a contract, unless forbidden by some act of the legislature, we think clearly appears from the provisions of the Municipal Corporation Act. The corporation is given power: ''To establish, build and repair bridges; to lay out, alter, keep open, improve and repair streets and other public highways and places within the city . . . and to construct gutters, culverts . . . and control all such highways and places and to expend in their discretion the ordinary income and revenue of the municipality in the payment of the cost and expenses of the whole or any part of such work or improvement.'' (Stats. 1883, pp. 93, 269, sec. 862, clause 4.)

But it is claimed that, under the provisions of section 551 of the Civil Code, it became the duty of plaintiff to build and maintain all bridges required at road crossings over its canal and hence the defendant was unauthorized to incur the expense of the structure.

When this case was first under submission there was a question, not then finally determined, whether canal owners were required to build and maintain bridges over their ditches or canals at crossings of highways laid out and established after the construction of such ditches or canals. The point has been before the supreme court in a recent case—*City of Madera* v. *Madera Canal & Irr. Co.*, 159 Cal. 749, [115 Pac. 936]. The question was thoroughly considered and the court held that where municipalities lay out or establish a street or highway which crosses a canal or ditch previously constructed by its owner, the duty of erecting the necessary bridge at such crossing devolves upon the municipality, and that section 551 of the Civil Code imposes no duty on the owner of the canal or ditch to construct the crossing. This case seems to be decisive of the point on which appellant relies and adversely to its contention.

Appellant complains that it was error for the court to deny its motion to strike out certain portions of the complaint.

Motions to strike out parts of pleadings and the order denying the same formerly constituted no part of the judgment-roll. (*Sutton* v. *Stephan,* 101 Cal. 545, [36 Pac. 106]; *Mock* v. *City of Santa Rosa,* 126 Cal. 330, [58 Pac. 826].) Section 670 of the Code of Civil Procedure was amended in 1907, making "all orders striking out any pleading in whole or in part" part of the judgment-roll. But the amendment does not include orders refusing to strike out.

Appellant also contends that the findings do not support the judgment for interest prior to the date of the presentation of the claim for payment, which was September 2, 1907. The finding is that on that date plaintiff presented its claim for $660 and no more. The contract was completed "by the month of June, 1907," which could not mean an earlier date than June 1st, and the evidence probably so showed. The contract provided that seventy-five per cent was payable on completion of the contract but the remaining twenty-five per cent was made payable "35 days after its completion." Interest was certainly not allowable on this twenty-five per cent from June 1st. But no part of the claim could be paid except upon its presentation in due form for allowance by the board of trustees. (Stats. 1883, p. 271, sec. 864.) This was not done until September 2, 1907, and the board had no opportunity prior to that date to approve or reject the demand. It seems to us that interest should not have been allowed from any earlier date.

The judgment is modified so as to allow legal interest on the contract price for the work from September 2, 1907, and, as thus modified, is affirmed.

Burnett, J., and Hart, J., concurred.