[Civ. No. 8399. Third Dist. Nov. 18, 1954.]

BOARD OF DIRECTORS OF TURLOCK IRRIGATION DISTRICT, Appellant, v. HOMER H. FAIR et al., Respondents.

H. E. Gleason and W. Coburn Cook for Appellant.

Frederick W. Reyland, Jr., County Counsel, William R. Mitchell, Assistant County Counsel, Robert P. Berkman, Deputy County Counsel, Zeff & Halley and E. Dean Price, for Respondents.

VAN DYKE, P. J.—The board of directors of Turlock Irrigation District, as trustees and officers of an improvement district within the irrigation district, known as Improvement District No. 14-A, brought this action for declaratory relief. The board asked for a judgment declaring the rights, duties and obligations of the parties to the action with respect to repairing the portions of a pipeline which the board in its complaint alleged to have been damaged through the construction and use of certain roads crossing over the pipeline. The action was brought against Homer and Margaret Fair and against the county of Stanislaus. A like action was brought by the board against the city of Ceres and others, and the two actions were consolidated for trial. Similar judgments were rendered and from portions of those judgments the board appealed. The appeal of the board against the city of Ceres has been heretofore decided and is reported in 116 Cal.App.2d 824 [254 P.2d 907], under the title of *"Board of Directors of the Turlock Irrigation District* v. *City of Ceres, et al."*

Generally, the situation described in *Board of Directors etc.* v. *City of Ceres, supra,* applies to both actions and it is unnecessary here to do more than to refer to that opinion. The trial court in both cases held that certain public ways crossed over the easement belonging to the improvement district in which it had installed an irrigation pipe below the surface of the ground. In the reported case these public ways were within the limits of the city of Ceres. In this case the public ways lie without those city limits and are public roads of Stanislaus County. The trial court decreed the district to be the owner of an easement for the maintenance of its pipeline along a parcel of land 10 feet in width and extending 5 feet on each side of the center line of the pipeline, together with the usual maintenance rights appurtenant to such an easement. The court further decreed as follows:

"That the owners of the property along and adjoining said pipeline, or over whose property said easement may pass, or on whose property the same may encroach, have not given up any other rights to their respective property, but that all such owners retain the right to subdivide their property for residential purposes and to install the necessary streets, roadways and alleys for that purpose and to travel upon the said roadways, streets and alleys across the pipeline and to open the same for public travel."

The court also decreed as follows:

". . . that the defendant County of Stanislaus is in no way liable to the plaintiff for maintaining the pipeline referred to herein, or for replacing or reinforcing the same, and is not liable to plaintiff for any damage claimed by plaintiff."

This appeal is taken specifically from the foregoing quoted portions of the trial court's judgment. Neither the Fairs nor the county of Stanislaus has appealed. Due to the limited appeal taken and to the acceptance of the judgment by Homer and Margaret Fair and the County of Stanislaus, it stands finally adjudged that the improvement district is the owner of the easement described, and that two public roads of the county of Stanislaus cross that easement.

The easement, with the pipeline in place, existed before Richard Way became a public road. Evans Road had a different history with relation to the easement. The land along which it lies was deeded to the county June 12, 1936, about two years before the pipeline was installed. At that time, however, water was being supplied along the easement strip through an open ditch and when the county improved Evans Road it installed a culvert across the ditch. When the district changed from the open ditch to the substituted pipeline it made the culvert a part of its conduit by attaching the pipe to either end of the culvert. However, the district's easement to carry water through the open ditch existed long before Evans Road was a public way. ██ When the district changed to a pipeline there was acquiescence in the change so the easement rights continued. (*San Joaquin & Kings River Canal etc. Co.* v. *Egenhoff,* 61 Cal.App.2d 82 [141 P.2d 939]; Thompson on Real Property, 1929 Supp., 286.) The case stands then that appellant owned and was using its easement prior to the time when the crossings were constructed.

██ Appellant contends that the trial court erred in decreeing that the property owners along and adjacent to the pipeline had the right to subdivide their property and to install streets for public travel across the pipeline without incurring liability for interference with the exercise of the easement or for damage that may come to the pipeline through the passing of traffic over it. This contention must be sustained. We hold here, as we did in *Board of Directors of Turlock Irr. Dist.* v. *City of Ceres, supra,* that as to that portion of the pipeline in the easement strip where the pipe-

line passes under Evans Road and Richard Way, the responsibility of the respondent county is the same as was declared to be the responsibility of the city of Ceres in the cited case. From that opinion we quote the following:

". . . that the district having a right of way for its pipeline, the rights of defendants would be subject to said easement, and that defendants have no right to interfere with plaintiff's easement. Therefore, when the defendant city of Ceres accepted the subdivision maps and the streets designated thereon, it had a right to establish streets to cross said pipeline, but it was obligated and required to construct and maintain said crossings in such a manner that no damage would result to said pipeline from the use of said streets or alleys. This being so, the said defendant city of Ceres was and is charged with the duty of so constructing and reinforcing said crossings that the use by plaintiff of its easement for its pipeline would not be interfered with and that no damage would result to said pipeline from traffic passing over it. If said defendant failed to do this it would be liable for any damage resulting to plaintiff by reason of said failure, but we do not believe that defendant should be required or permitted to make the actual repairs to the pipeline as the operation and repair thereof should be exclusively under the control of plaintiff, although said defendant is and shall be liable for the cost of any repairs made necessary by its failure to properly construct and maintain said crossings."

It appeared in the evidence that when the map of the subdivision containing Evans Road and Richard Way were submitted to the board of supervisors of the respondent county the board, though approving the map, rejected the offer of dedication of those public ways. However, this evidence does not make void the trial court's finding that, by reason of other acts of the county, Evans Road and Richard Way had become and were public highways. The trial court in the challenged part of the judgment properly decreed that the existence of the easement did not prevent the construction of a public way across it. The existence of the easement likewise did not and does not prevent the construction and maintenance by the county of such public ways. But that portion of the judgment which declares that the respondent county is in no way responsible to the appellant if the construction and maintenance of such public ways interfere with the exercise of appellant's easement cannot be sustained. It is the duty of the county in the construction and maintenance of

its public ways across the easement to avoid interference with the exercise of the easement rights and to avoid damage to the existing structures through which those rights are exercised and if it fails to do this it is liable for the damage so caused. It has, however, no obligation to maintain the pipeline itself. Its duty is to so construct and maintain its public ways that the pipeline will not be injured through the use of its ways. It must respond in damages if it fails in that duty.

The judgment is reversed, with directions to the trial court to enter a judgment declaring the rights of the parties in accordance with the views herein expressed.

Peek, J., and Schottky, J., concurred.