[Civ. No. 23144.   Second Dist., Div. One.   Nov. 18, 1958.]

Estate of FLORENCE M. HAMPTON, Deceased.   J. DON-
ALD HAMPTON, Respondent, v. DON HILL et al.,
Appellants.

S. V. O. Pritchard and Albert Annix for Appellants.

Oscar S. Elvrum for Respondent.

FOURT, J.—This is an appeal from a decree of the probate court determining interests in the estate of Florence M. Hampton, deceased.

The decedent Florence M. Hampton died on February 11, 1956, leaving a holographic will which was admitted to probate, and its provisions are set forth in their entirety, as follows:

"Los Angeles, Cal. Nov. 22, 1952

"To whom it may concern——

"This is my last will and testament. I will everything to my husband to do as he will and name him as executor. Don Hill is to take what he wants and take care of the cat.

"Two nieces, Louise Baker of 15 S. E. 9th St., Beaverton, Oregon, and Dora Conger of c/o John D. Heron, Topango.

"They may divide the contents of the furnishings peacefully.

"(Signed) Florence M. Hampton

"To my brother Melvin in Ukiah, Cal. my niece Mrs. Clifford Archer, Portland, Oreg. and my sister Louise Stevens the sum of one dollar also to my nephew Will Kittridge I leave one dollar. His wife might need it."

Her husband, James Percy Hampton, died testate on or about December 24, 1955, thereby predeceasing testatrix approximately six weeks.

J. Donald Hampton, the brother of the deceased husband, filed a petition for decree determining interests in estate. A joint answer was filed on behalf of Don Hill as legatee and administrator c.t.a., Louise Baker, Dora Conger, Mrs. Clifford Archer and Will Kittridge, and separate statements of claim of interest in estate were filed by J. Donald Hampton, Marie Awbrey and Don Hill, and objections to the statement of claim of interest by Don Hill were filed on behalf of J. Donald Hampton.

The decree determining interests in estate included the following provisions:

"That the provision for Don Hill in said will was not intended to be substitutionary and that he takes the cat, if he or she be in existence, and such portion of the estate as he may select and may be reasonably necessary to enable him

to adequately provide for the animal. There is nothing in the language of the testatrix in said will to indicate an intent to enlarge the gift to Don Hill in the event the husband failed to survive, and there is nothing to indicate the testatrix considered or had in mind such a contingency. The provision for Don Hill is contained in one short sentence and is inextricably tied to the family cat.

"That there is no expression of intent, or anything from which an intent may be implied to enlarge the provisions for said husband, James Percy Hampton, so as to include his estate or his heirs.

"That the decedent, Florence M. Hampton, died intestate as to that portion of her estate which would have gone to the husband James Percy Hampton, had he survived.

"That the sum of $770.00, being the balance in one of the accounts at the Security-First National Bank of Los Angeles, and the Topanga Canyon real property, particularly described in the Inventory on file herein, were at all times the separate property of said Florence M. Hampton, Deceased, and pass to and vest in the heirs-at-law related to her by blood, in the absence of sufficient evidence in the record, their names, identity and their respective shares to be determined at the time of final distribution herein.

"That the sum of $2893.06, together with any shares of stock of the Perrysberg Banking Company and the Rockwood Candy Company, have been the separate property of the predeceased spouse, and it therefore vests and passes equally to said J. Donald Hampton, brother of the predeceased spouse, and said Margaret Hampton Nevins, sole surviving child of his predeceased brother of such spouse.

"All of the residue and balance of the above entitled estate was the community property of said Florence M. Hampton, Deceased, and her said predeceased spouse, James Percy Hampton, and is disposed of as follows: one-half equally to the said J. Donald Hampton and Margaret Hampton Nevins, and one-half to the heirs-at-law of said Florence M. Hampton, Deceased, who are related to her by blood, in the absence of sufficient evidence in the record, their names, identity, and shares to be determined at the time of distribution of the above entitled estate, and that in the distribution of said estate said heirs, devisees and legatees are entitled to the respective portions thereof above set forth."

Notices of appeal were filed on behalf of Don Hill, Louise

Baker, Dora Conger, Mrs. Clifford Archer, Will Kittridge and J. Donald Hampton. The attempted appeals, with the exception of that of Don Hill, were dismissed by the court for noncompliance with rule 17a of the Rules on Appeal. Accordingly in this appeal only such alleged errors on the part of the trial court as are set forth by appellant Don Hill may be considered, and we are obliged to ignore such additional grounds for reversal of the trial court as are set forth in the respondent's brief on file herein.

Appellant Don Hill contends that there are four respects in which the meaning accorded by the trial court to the sentence ''Don Hill is to take what he wants and take care of the cat'' does violence to the intention of the testatrix, namely:

'' (a) The declaration that 'this was not intended to be substitutionary.'

'' (b) The declaration that Don Hill is to take 'the cat if he or she be in existence, and such portion of the estate as he may select and *may be reasonably necessary to enable him to provide for the animal,'* and that 'he has no right, title and/or interest' except this.

'' (c) The declaration that there is 'nothing to indicate an intent to enlarge the gift to Don Hill in the event the husband failed to survive,' and

'' (d) The declaration that 'the provision for Don Hill is inextricably tied to the family cat.''

Appellant contends that the proper construction of the will should be that Don Hill is to take what *he wants*—a gift measured by his own desires, unlimited by any other consideration with the exception that his right to want or to take anything is conditioned upon taking care of the cat.

Appellant further contends that the gift to the husband was a residuary legacy—and that even before the death of the husband, Don Hill was not required in enumerating his wants to leave anything for the husband.

It is fundamental in interpreting wills in California that the will is to be construed according to the intention of the testator (Prob. Code, §§ 101 and 163) ; that all the parts of a will are to be construed in relation to each other (Prob. Code, § 103) ; and that when an uncertainty arises upon the face of the will, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made. (Prob. Code, § 105.)

At the hearing in the trial court, no extrinsic evidence was introduced relative to the circumstances of the parties,

their relationships to the testatrix, or to each other. Accordingly the trial judge was required to determine what the testatrix intended solely from the words used by her, and the only circumstances or relationships bearing upon her intention which could be considered were those which were expressly mentioned in the document itself; and we are obliged to construe the will in the same manner (*Estate of Lefranc*, 38 Cal. 2d 289, 298 [239 P.2d 617]; *Estate of Wunderle*, 30 Cal.2d 274, 280 [181 P.2d 874]), without any presumption favoring the correctness of the decree from which the appeal has been taken. (*Estate of O'Connor*, 130 Cal.App.2d 258, 262 [278 P.2d 748].)

In construing this holographic will, we are impressed that testatrix mentioned names, addresses and relationships in referring to certain of the objects of her bounty, whereas she refers to her husband solely by that relationship. She also names him as executor and attempts to place no limitation whatsoever upon his use or disposition of the "everything" she wills to him. Under such circumstances at a time when her husband was living, it is impossible for us to conceive that she could have contemplated or intended that Don Hill would have an unlimited power to select whatever he might want from her estate. It appears to us to be far more likely that she was concerned that her cat have a good home; that she was doubtful that her husband and her cat would be happy together without her; and that she wanted Don Hill to be compensated for undertaking the responsibility of caring for her cat by providing that he should have, in addition to any paraphernalia for the cat, something that he might want for himself as a token of her appreciation and regard.

The decree appealed from is affirmed.

White, P. J., and Lillie, J., concurred.

The petition of appellant Don Hill for a hearing by the Supreme Court was denied January 14, 1959.