[Civ. No. 6759. Fourth Dist. Aug. 15, 1962.]

WILLIAM J. BAUER, Plaintiff and Respondent, v. HAIG C. MERIGAN et al., Defendants and Appellants.

Procopio, Price, Cory & Fisher and John H. Barrett for Defendants and Appellants.

Mitchell, Silberberg & Knupp and George Benedict, Jr., for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendants from an order granting plaintiff's motion for a new trial.

## FACTS

Judgment in the above case was rendered September 7, 1960. Plaintiff served on opposing counsel and presented to the County Clerk for filing, on October 6, 1960, a notice of intention to move for a new trial. Nothing was said at that time about a filing fee. The original and a copy were stamped,

> "FILED
>
> Oct. 6, 2:16 P.M. '60
>
> R. B. JAMES, Clerk
>
> by D
> _____
>
> Deputy."

The copy bearing the file stamp dated October 6, 1960, was returned to plaintiff's counsel. Later, a request for the filing fee was made and the fee apparently paid on October 10, 1960. The register of actions recorded a filing as of October 10, 1960. The file stamp on the document was called to the attention of a deputy and the register was by her corrected to show October 6, 1960. October 6, 1960, was within time; October 10, 1960, was not within time. The motion for a new trial was argued and granted November 25, 1960. On December 22, 1960, defendants appealed from that order.

Apparently the facts relating to date of filing of the notice of intention to move for a new trial were not then called to the attention of the trial court. January 5, 1961, defendants filed a motion to set aside the order granting a new trial on the ground that the notice of intention to move for a new trial was not filed within the time provided by law. By affidavit, the facts relative to the filing date and fee payment were developed. On January 26, 1961, the motion to set aside the order granting a new trial was denied.

## TIMELY FILING

The sole question presented by this appeal is whether or not, under the facts stated, the trial court was authorized to find that the notice of intention to move for a new trial was filed within time.

First, it must be noted that if there are conflicting facts or inferences presented by affidavit, the rule is the same as that presented by findings of the trial court on oral trial of disputed facts. ■ As was said in *Murray* v. *Superior Court*, 44 Cal.2d 611, 619-620 [9, 10, 11a] [284 P.2d 1]:

"In the consideration of an order made on affidavits (as here) involving a question of fact, the appellate court is bound by the same rule as where oral testimony is presented for review. [Citations.] Only where an order rests on undisputed facts from which only one conclusion can be drawn, is an appellate court not bound thereby. [Citation.]

 "When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." See also *Petri Cleaners, Inc.* v. *Automotive Employees etc. Local No. 88,* 53 Cal.2d 455, 487 [2 Cal.Rptr. 470, 349 P.2d 76] ; *Wicktor* v. *County of Los Angeles,* 177 Cal.App.2d 390, 406 [11c] [2 Cal.Rptr. 352].)

 The trial court impliedly found that the county clerk did, on October 6, 1960, file the notice. There is no question that the clerk could have refused to file the notice until the fee was paid. (*Kientz* v. *Harris,* 117 Cal.App.2d 787 [257 P.2d 41] ; *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501, 506.)

But here the clerk received and stamped the notice, "Filed Oct. 6, '60." Nothing whatever was said about the fee. The fee was promptly paid on request. The trial court was justified in concluding that the clerk intended to and did, on October 6, 1960, "file" the notice. Under such condition, the clerk may, of course, be personally liable for the fee, if it is not, in fact, paid. But the filing was not invalid. (*Tregambo* v. *Comanche M. & M. Co., supra*; *McCann* v. *McCann,* 20 Cal. App. 567 [2] [129 P. 965] ; *Commercial Nat. Bank* v. *Schlitz,* 6 Cal.App. 174 [2], 176 [91 P. 750] ; *Foley* v. *Foley,* 147 Cal. App.2d 76, 77 [2] [304 P.2d 719].)

We are satisfied that the reasoning of the *Foley* case as well as the older ones, is correct.

 Plaintiff gave notice of appeal from the judgment but it was not pursued because the appellants' appeal was limited to a jurisdictional point and did not go to the merits of the case. It is deemed abandoned. (Cal. Rules of Court, rule 17(a)*; *Estate of Hampton,* 165 Cal.App.2d 255, 258 [331 P.2d 778] ; *Board of Directors Turlock Irr. Dist.* v. *City*

---

*Formerly Rules on Appeal, rule 17(a).

*of Ceres,* 116 Cal.App.2d 824, 828 [254 P.2d 907] ; *Angelo* v. *Esau,* 34 Cal.App.2d 130, 134 [93 P.2d 205].)

The order granting a new trial is affirmed.

Griffin, P. J., concurred.